## S. B. Wiggins v. P. Guier

When the return day mentioned in a commission for taking testimony has expired, testimony taken under it is taken without authority and cannot be received.

An order extending the return day, made after it had already expired, would not render testimony admissible which had been taken without authority.

A public officer ought not to be permitted to testify as to the contents of documents in his office, without annexing copies of such documents to his deposition. The witness may annex to his answers the entries made in books and explanation of erasures.

APPEAL from the District Court of Carroll, *Farrar*, J.

*Goodrich & DeFrance*, for plaintiff. *L. Selby*, for defendant and appellant.

Merrick, C. J. This is a petitory action. The plaintiff claims the land in controversy in virtue of a patent from the State of Louisiana. He alleges that the land was selected by the State of Louisiana, under the Act of Congress approved 4th September, 1841, granting 500,000 acres of land to the State of Louisiana for internal improvements, and the location approved by the Secretary of the Interior.

The defendant claims under an alleged preëmption claim of one *Elijah Dempsy*, of whose estate he is administrator, a contest before the Register and Receiver, a decision in his favor, and a patent from the government of the United States. The plaintiff replies that that patent was fraudently obtained; that he has also acquired by purchase by mesne conveyances the improvement of the said *Elijah Dempsy*, deceased, upon the land in controversy. The judgment of the lower court was in favor of the plaintiff, and the defendant appealed.

The first question presented by the record is as to the admissibility of the testimony of *L. J. Sigur*, taken under a commission. The return day fixed in the commission was the 21st day of May, 1855. The testimony was taken and the commission executed the 23d day of May, 1855. On the 30th of the same month an order was entered on the minutes in these words: "Return of commission to take the testimony of *L. J. Sigur*, fixed the first day of the next term of the court."

We do not think the commission which issues under the provisions of the Code of Practice an idle form. On the contrary, we consider it the power under which the officer taking the testimony is enabled to act, and without which his acts would be null. When, therefore, the return day mentioned in the commission had expired, the authority conferred by it was also at an end, and the testimony taken under it was taken by one without authority. C. P. 425, 433.

A subsequent order could not give vitality to that which was already null. Had the order been made before the expiration of the return day, or the testimony been taken after the renewal of the return day, it would have presented a different question. The order made by the Judge or Clerk, fixing the return day and granting the commission in the delay after the filing of the interrogatories, is not to be confounded with the commission itself. See 3 Rob. 13; 1 An. 325.

We think, therefore, the testimony of the witness ought to have been rejected.

23

If this testimony is excluded, we do not think sufficient appears in the record to entitle the plaintiff to recover, but we think justice requires that the case should be remanded to the lower court for a new trial.

We further remark, that this witness ought not to be permitted to testify as to the contents of documents in his office, unless he annexes copies to his depositions. Certified copies are better evidence of what such documents contain. We see no objection to the witness annexing to his answers the entries made in books and his explanations of erasures, &c.

We further remark, that unless the plaintiff can show an approval by the Secretary of the Interior of the selection of the tract of land in controversy by the State of Louisiana, he must fail in his action unless he can further show that the defendant was under some obligation to hold the title acquired by him for the benefit of the plaintiff, or committed some fraud, not merely towards the United States, but towards *him* in obtaining the patent.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for a new trial, and there to be proceeded in according to law, the appellee to pay the costs of the appeal.