The opinion of the court was delivered by
Monroe, J.
This is an action in damages, brought by plaintiff in behalf of his minor child, a little girl, for injury said to have been sustained by her, whilst in her father’s yard, by reason of her having been struck by a rifle ball, fired from defendant’s premises by one of its members, or a guest.
There was an exception of no cause of action, followed by a general denial.
The facts.which we find established, beyond controversy, are as follows, fo-wit:
On Sunday morning, July 31, 1898, some persons, members of the club, or guests, were engaged in target practice on defendant’s premises, with what are known as “twenty-two calibré” rifles, there being no other shooting going on in the neighborhood at that time. The targets in use were steel discs, fastened, at a height of four or five feet above the ground, upon the face of what is called by the witnesses a “parapet”, which was directly on a line between the Stand from which the firing was being done and the point, in the plaintiff’s yard, where the little girl was playing. This being the situation, the child was struck by a 22 calibre bullet, which penetrated the right groin, and she fell to the ground, and was sent to the hospital, and afterwards cared for at home until her recovery, the wound proving slight.
The “parapet” mentioned, might otherwise be called a bulkhead. It is a wooden structure, or close-jointed fence, built up to a height of twelve feet, of planks, a- little over three inches thick, laid horizontally, and fastened to post's, set perpendicularly; the horizontal joints being covered, on the side of the club, by wooden strips, six inches wide, and an inch and a quarter thick. The top of this structure, above the point at which the three inch planks aré used, consists of planks, or lines of planking, not'more than an inch and a quarter in thickness. Behind it, that is to say, on the dividing line between the *1116 two properties, and separated from the parapet by a few inches (probably by the thickness of the posts) is an ordinary fence, seven feet high, built of one-inch, feather-edged'planks.
The facts thus stated are practically beyond dispute, but as to the other facts relied on by the litigants, there is some conflict in the testimony. The defendant’s counsel contends that it is shown that the parapet was impenetrable to bullets, fired from the rifles used, and there is testimony on that subject — some tending to show that, the parapet was sound, solid and impenetrable; and other tending to show that, as a matter of fact, it had been penetrated by rifle balls, and that the planks of which it was built, were, in places, perforated by bullets, and affected by dry rot.
We are satisfied that if the parapet, constructed as it was, had been perfectly sound, at all points, and free from holes or decay, it would have stopped the bullets fired from the rifles used by the club. But certain pieces of rotten wood have been introduced in evidence, which were pulled off of it by the witnesses, who have testified that they could have obtained more, in the same way, if they had chosen to do so. It also appears that the top plank had formerly been at the bottom, and was transferred to its present position upon an occasion when the parapet was reconstructed, and that it has a great many bullets and bullet holes in it, though it does not affirmatively appear that the holes go entirely- through.
Under these circumstances, the fact that whilst the members of the club, or their guests, were firing- 22 calibre bullets in the direction of this parapet, the plaintiff’s minor child, who was directly in line of the firing, at a distance of about 120 feet on the other side of the said parapet, was struck by such a bullet, taken in connection with the evidence that there was no other firing going on in the neighborhood, carries with it the conviction that the bullet by which the child was struck came from the rifle of one of those who, alone, were firing; and we do not consider it necessary that the precise course of the bullet should be traced. It is not beyond the range of possibility that it may have struck the parapet at a point where it had been already partially perforated by one or more bullets, and where the wood had become rotten by reason of the letting of the rain and air into the hole thus made.
We, therefore, think that the club should be held liable for the injury sustained. C. C., 177, 2315, 2317. Fortunately, that injury was not serious. The child was sent to the Charity Hospital, and re *1117 mained there for nine days, but she might have returned home at the end of three days. The wound healed, and there is nothing to indicate permanent injury. In .our opinion, $150 would be a reasonable amount to allow.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of the plaintiff, John Simmonds, for the use and benefit of his minor child, and against the defendant, the Southern Rifle Club, in the sum of one hundred and fifty dollars ($150) and costs in both courts.