Webster J. Arceneaux having, through Act No. 359 of 1940, obtained permission of the State of Louisiana to bring this suit, filed it on September 27, 1940 in the Twenty-fourth Judicial District Court for the Parish of St. Charles, in which parish the automobile accident on which he bases his cause of action is alleged to have occurred.
He charges that in the surface of the highway on which his automobile was proceeding there had existed, for sometime prior to the accident, a large hole and that the Louisiana Highway Commission (now Department of Highways of the State of Louisiana) through its agents or employees had both actual and constructive knowledge of the existence of the hole and that, therefore, the said commission was negligent in not repairing it or in not marking it with warning signs.
He alleges that on August 25, 1935, as his automobile in which he was riding was driven by his employee, Isaac (Montana) Smith, it struck the said hole and overturned, and that as a result he sustained serious, personal injuries. He prays for judgment in the sum of $43,501.50.
The State of Louisiana, through its Department of Highways, filed exception contending that the petition showed no cause of action since the allegations thereof showed the hole to be an obvious one which the driver of the car should have seen; the contention being that even if the commission was negligent in permitting the hole to remain and in not marking it with warning signs, there must have been contributory negligence on the part of the driver, since the petition shows that the hole was obvious, and that the accident occurred in broad daylight.
This exception was overruled by us. See 5 So.2d 20. And after a trial on the merits, there was judgment for plaintiff for $20,000. The State, through its Department of Highways, has prosecuted this appeal.
The record shows that there was no eyewitness to the accident except Isaac (Montana) Smith, the driver of the car. Arceneaux was seated on the front seat alongside Smith, but he says: "I was dozing at the time that he hit the hole, and from then on I didn't know anything." He was then asked the following question: "As a matter of fact, you didn't know you had hit the hole, did you?" His answer was: "I didn't know what had happened.", and he added: "* * * before I knew where I was, it was about six o'clock that afternoon in the Baptist Hospital."
The testimony of Smith, who, as we have said, was the only eyewitness of the accident, was taken by deposition under Article 439 of our Code of Practice, as was the testimony of all but one of the doctors who treated or examined plaintiff after the accident. The commissions under which this testimony was taken were both dated February 5, 1942, and were made returnable in five days. Interrogatories were attached by plaintiff to the petitions for the commissions, and cross-interrogatories *Page 735 
were filed by counsel for defendant. However, the questions were not propounded to the respective witnesses until sometime after the expiration of the five days mentioned in the order, and, therefore, both in the case of Montana Smith and in the case of the doctors, the testimony was taken after the expiration of the time limit fixed in the orders granting authority to take it.
Before the case was called for trial, attorneys for plaintiff, by rule, called upon counsel for defendant to show cause why these depositions should not be used in evidence and this rule was made returnable on the same day on which the case was fixed for trial on the merits.
On that day, counsel for defendant filed written objections to the use of said depositions in evidence, contending, in the case of the depositions of Montana Smith, that the officer to whom the commission had been issued was without authority since this authority had expired five days after the granting of the order, and contending, in the case of the doctors, not only that the authority of the officer had expired, but that also the depositions were not admissible for the reason that counsel for defendant had not been notified of the time or the place at which the interrogatories would be submitted to the witnesses for their answers.
When these objections were made, the judge a quo announced that he would take them under advisement, and would proceed with the trial of the case and would announce his decision concerning the admissibility of the testimony later on during the trial. When the trial had been completed, the judge announced that the depositions might be submitted subject to the objections.
There was then a discussion among the attorneys and the judge a quo, after which the judge announced that he would investigate the question of whether the testimony of the doctors should be considered as admissible, and that if he concluded that there was liability in the defendant, he would then decide whether to consider this testimony. And he then said to the attorneys for plaintiff: "I will also reserve you the right to take the deposition of Montana Smith, if you desire to do so." There is now a dispute among counsel as to whether, by this ruling, the judge sustained the objection to the testimony of Montana Smith. It is our opinion that he did sustain the objection.
But whether we are right or wrong in our interpretation of his decision on the subject is unimportant because we have reached the conclusion that because of prior jurisprudence of the Supreme Court and of this court, the testimony of Smith, and also the testimony of those doctors who were examined by interrogatories, was inadmissible and could not have been properly considered by the trial court. And we are further of the opinion that without the testimony of Smith there is no evidence in the record which justifies the conclusion that the defendant is liable for the reason that there is no other evidence which shows that the accident resulted from the fact that the automobile of Arceneaux struck a hole in the highway.
It is true that several other witnesses, practically all of whom had formerly been in the employ of the Highway Department, referred to the hole, said that they knew all about it and indicated that they believed that the automobile had turned over because it struck this hole. But every one of these witnesses admitted that he had not seen the occurrence; that he had merely heard that an automobile had struck a hole and had turned over.
And there is the circumstantial evidence that after the accident the car was found turned over some 25 or 30 feet beyond the hole. But this fact does not prove that it turned over because of the hole.
Counsel for plaintiff have directed our attention to several cases in each of which circumstantial evidence was held sufficient to prove that the facts were as contended for by the plaintiff. For instance, in Buechner et ux. v. City of New Orleans, 112 La. 599, 36 So. 603, 605, 66 L.R.A. 334, 104 Am.St.Rep. 455, although there was no eyewitness to the accident, the Supreme Court held that the record showed that a little boy had fallen through a hole in a bridge. But there were other facts which led to the conclusion that there was no other reasonable hypothesis for the boy's death. The body "was found immediately beneath the hole in the bridge." There were "bruises and cuts on the body that might have been readily produced by a fall through the hole in the bridge" and there were "flesh marks on a large nail or spike which was on the inner edge of the hole." *Page 736 
It might likewise be said of Wright v. Petty, 7 La.App. 584, that the facts left no other reasonable hypothesis. There, in a syllabus by the court, appears the following: "Where circumstantial evidence is not conclusive but leaves no other hypothesis it will be considered sufficient."
Our attention is also directed to John Simmonds v. So. Rifle Club, 52 La.Ann. 1114, 27 So. 656, and it is true that there there was no eyewitness to the accident. But there again the court said that there might be a recovery on circumstantial evidence "where the evidence excludes every other reasonable hypothesis * * *".
Castille v. Cormier, 144 La. 640, 81 So. 210, is cited in several of the cases relied on, and there too there was no actual eyewitness who could state that the fire complained of had been caused by sparks emitted from a tractor owned by the defendant, yet the court held the defendant liable. But there too the court found that there was "no other theory which finds any support in the facts * * *."
Counsel for plaintiff cite Huddy's Encyclopedia of Automobile Law, Vol. 17-18, pages 17, 18, as authority for the view that circumstantial evidence may sometimes be relied on to establish the cause of an accident. There is no doubt of this. But Huddy agrees with all of the authorities that this circumstantial evidence must exclude, with a fair amount of certainty, any other reasonable hypothesis.
We conclude that the circumstantial evidence is not sufficient to establish the cause of the death.
Counsel also point to certain averments in the answer of defendant, and contend that these averments constitute an admission that the accident was caused by the hole. The particular averment pointed to is contained in Paragraph No. 37 of the answer, which reads as follows: "That the above described condition of the said river road between the said Destrahan and the said St. Rose existed from a time prior to the occasion on which the said automobile overturned as aforesaid continuously until after said occasion."
We do not think that this is an admission that the accident was caused by the hole in view of the fact that the answer contains a specific denial of that fact. All that that allegation can be construed as meaning is that if it was caused by the hole, then it was due to contributory negligence on the part of the driver of the car; that because there were other holes in the road, he should have been particularly careful. Furthermore, even if there was proof that the car turned over because of the hole, we could not say whether Smith was guilty of contributory negligence without having his own testimony as to just why he did not see the hole, as to just what was the speed of his car, and concerning those other circumstances which must be considered if we are to say whether he was, himself, careless.
When we come to consider the testimony of the doctors, we find that without it we cannot determine just how serious were Arceneaux's injuries. A proper decision of the case, therefore, cannot be made without the testimony of Smith and without the testimony of these doctors.
Counsel for defendant admit that they had been notified of the time at which the interrogatories would be submitted to Smith, and, therefore, they make no objection to that testimony on the ground that they had not been notified, but they did object to the testimony of the doctors on that ground as well as on the ground that the commission had expired before the taking of the testimony.
So far as the giving of notice is concerned, it seems now to be settled that "Although the opposite party resides in the place where the depositions are to be taken, he is not entitled to be informed of the time when and the place where the depositions will be taken, if interrogatories are attached to the commission, and have been communicated to him, and an opportunity afforded him to cross same." (Syllabus) De Renzes v. His Wife,115 La. 675, 39 So. 805, 2 L.R.A., N.S., 1089, 5 Ann.Cas. 893.
In the body of the opinion the court said: "Another question is as to whether defendant was entitled to be notified of the time and place of the taking of the testimony under the commission; she residing at the place where the depositions were to be taken. Before the commission was sent on, the curator ad hoc, representing defendant, who is an absentee, requested to know when and where the depositions would be taken, and was denied the information. Article 438 of the Code of Practice requires such notice to be given; but that article was amended by Act No. 83, p. 152 of 1828, now section 611 of the Revised Statutes, which dispenses with such *Page 737 
notification when interrogatories are annexed to the commission and communicated to the opposite party. This amending law has been repeatedly held to have done away with the necessity of the notification. Gasquet v. Johnson, 1 La. 425; Bradford v. Cooper, 1 La.Ann. 325; Hall v. Acklen, 9 La.Ann. 219. In this case the interrogatories were crossed; hence defendant was not entitled, as matter of right, to any further notice."
We now consider the contention that the depositions are inadmissible because the respective commissions had expired. In Flower v. Swift, 8 Mart.,N.S., 449, the Supreme Court held that where the commission to take testimony has expired, the officer to whom it is directed is without authority to take it. It is true that that case involved the taking of testimony not by written interrogatories but by examination in person. But the rule laid down there has been followed in other cases involving testimony taken by written interrogatories, and it has been held that such testimony, taken after the return day, is inadmissible.
In Wiggins v. Guier, 12 La.Ann. 177, the Supreme Court held that where the commission has expired, there is no authority whatever in the officer designated, and that his act in taking the testimony after the return day "would be null." "We do not think the commission which issues under the provisions of the Code of Practice an idle form. On the contrary, we consider it the power under which the officer taking the testimony is enabled to act, and without which his acts would be null. When, therefore, the return day mentioned in the commission had expired, the authority conferred by it was also at an end, and the testimony taken under it was taken by one without authority."
In Bonnet-Brown Sales Service v. Bunkie Record et al., 3 La.App. 410, the Court of Appeal for the Second Circuit said: "* * * the testimony was taken after the time named in the commission for taking it had expired and it was therefore inadmissible under the authority of Wiggins v. Guier, 12 La.Ann. 177. The trial judge properly refused to allow the admission of this evidence." See also Lewis v. Whetstone, No. 63 Gunby's Decisions of Second Circuit.
It is contended on behalf of plaintiff that defendant cannot urge this objection for the reason that, when counsel for defendant filed their cross-interrogatories, the time had already expired and that, therefore, when they did so they waived the right to contend that the testimony had not been taken in time. We do not think so and for two reasons. In the first place, since under the jurisprudence from which we have quoted, the commission having expired, the officers were entirely without authority to submit the questions to the respective witnesses, nothing that counsel could do could re-create in those officers the authority which had completely come to an end. And, in the second place, the Code of Practice, in Article 439 provides that the proper time for making such objections is the time at which the rule to use the testimony in evidence is made returnable. Objections at that time, and in writing, were properly made in accordance with this provision of the Code of Practice.
Having thus reached the conclusion that the depositions of Smith and of the several doctors cannot be considered, and that without this evidence the judgment appealed from cannot be affirmed, we now consider whether plaintiff's suit must be dismissed outright, whether it should be dismissed as in case of nonsuit, or whether we should merely remand the matter in order that plaintiff may be afforded an opportunity to again take the testimony of those witnesses. We have concluded that the ends of justice will be best served by following the last of the three courses. While plaintiff has failed to prove that there is liability, defendant has not shown that no matter what that evidence may be, there cannot be liability, and, therefore, we think that there should not be a definitive judgment of dismissal.
But a judgment as in case of nonsuit would accomplish nothing more than to put plaintiff to the expensive necessity of filing a new suit. Therefore, to remand it seems to us to be the best course to follow. In Flower v. Swift, supra, the judgment appealed from was affirmed without there having been afforded to the appellant an opportunity to substitute new evidence for that ruled inadmissible because taken after the return day. And the same may be said of the result reached in Bonnet-Brown Sales Service v. Bunkie Record, et al., supra. However, in Wiggins v. Guier, supra, the Supreme Court, after holding that the deposition of a certain witness *Page 738 
must be excluded because taken after the return day, said: "* * * If this testimony is excluded, we do not think sufficient appears in the record to entitle the plaintiff to recover, but we think justice requires that the case should be remanded to the lower court for a new trial."
The judgment appealed from is annulled, avoided and reversed, and this matter is remanded to the Twenty-fourth Judicial District Court for the Parish of St. Charles for further proceedings, according to law and not inconsistent with the views herein expressed.
Reversed and remanded.