PER CURIAM.
Plaintiffs, Jesse W. Gomez, Jr. and Leon L. Rebaldo, two motorcycle police officers of the City of Baton Rouge, have appealed from a judgment dismissing their suit against the defendants as the result of a fall from their motorcycles on the night of May 1, 1952 caused by the alleged negligence of the defendants in spreading or allowing oil to run on North 33rd Street as a result of having oiled Weller Avenue and Anna Streets.
It was shown on the trial of the case that Phillip Accordo, individually and on behalf of other unknown and unproven property owners employed the defendant, John L. Granberry, to place old oil on a portion of Weller Avenue, which was a gravelled street, and also Anna Street, both of which intersect North 33rd Street, Anna Street being one block south of Weller Avenue. On the night of May 1, 1952 the two police officers on' their motorcycles were attempting to stop an alleged speeder and testified that they struck this oily substance on North 33rd Street between Anna Street and Weller Avenue and that their motorcycles skidded out from under them, causing them to fall and suffer certain injuries. The plaintiffs contend that the oil on North 33rd Street was placed there by the defendant John L. Granberry, in carrying out his contract of employment with defendant Accordo, or it was negligently allowed to drip or run from Weller Avenue onto North 33rd Street.
The lower court in its written reasons stated:
“On trial of the case plaintiffs sought to prove more than was specifically alleged in their petition concerning the manner in which oil got on North 33rd Street, that is by the tracking of oil from Weller Avenue onto North 33rd. They attempted to show that North 33rd Street was saturated with oil almost its entire width, — some 18 feet from the intersection with Weller Avenue for a distance of a city block. Testimony to this effect was given by Ellis R. Thompson, & James T. Manning, while the witness Lobdell, stated that oil extended down North 33rd Street forty or fifty feet from the intersection.
“That there was oil or something similar thereto on North 33rd street and that the accidents alleged did occur, there can be no doubt.
“The difficult question to decide is how this substance got on the street.
“It is difficult to believe that oil in a sufficient quantity to cause the three accidents could have been conveyed to North 33rd Street from Weller Avenue on Automobile tires. It is also difficult to believe that oil in quantity sufficient to spread all over North 33rd Street, that is 18 feet, and down North 33rd Street for a distance of a city block- *456 was placed upon Weller Avenue, which the evidence shows is on a lower level than North 33rd Street.
******
“No witnesses were produced by plaintiffs who actually saw automobile tires tracking North 33rd Street with oil from Weller Avenue nor did any witness testify that he saw oil flowing from that street to North 33rd, although as previously pointed out at least two witnesses stated that they saw oil in the intersection.
“No evidence was offered by the plaintiffs to show that the quantity of oil placed on Weller Avenue or the method by which it was applied necessitated the placing of a barricade at the intersection nor was any evidence offered to show that when the oil truck crossed North 33rd Street any oil was dropped or sprayed in the intersection. The only direct evidence on this point is that of Granberry who vigorously denies that any oil was dropped or sprayed in the intersection. The evidence presented by plaintiffs is largely circumstantial.
“I doubt that it is legally sufficient. In the first place, it was not proven definitely, that the substance on the street was oil. It may have been. No witness claimed to have smelled oil. Surely if it was old used oil, it could have been easily smelled. In the second place, even if it was oil no one with any degree of satisfaction can say that Granberry put it there or caused it to be there.
“It is worthy of mention that after the accidents in question no evidence was offered to show that there were other similar accidents ' thereafter or that the police department placed a barricade at the intersection after the experience of the two plaintiff officers.
“Considering the case as a whole I do not believe that plaintiffs have proven the allegations of their petition by a preponderance of the evidence.”
Counsel for the two plaintiffs filed a motion for rehearing in which he contended that the court was in error in concluding that the plaintiffs did not prove the presence of oil on North 33rd Street at the time of the accident, however, a reading of the trial court’s reasons will show that he did find “that there was oil or something similar thereto on North 33rd Street,” and that the accidents alleged did occur there can be no doubt. Secondly, he complained further of the court’s acceptance of the testimony of the defendant Gran-berry at its face value, which will be discussed hereinafter, and also of the lower court’s alleged error “in over estimating the weight and sufficiency of the circumstantial evidence presented in the case.”
Counsel in argument and brief in this court on this appeal has posed five questions which he says the court must decide in arriving at a decision herein. The third question, which is really the crux of this case, is stated as follows:
“3. If there was oil on North 33rd Street, whether or not the oil was part of the oil used by Mr. Granberry in oiling Weller Avenue and Anna Street.”
The answer to this question depends upon circumstantial evidence. The rule with regard to the sufficiency of circumstantial evidence as the basis for a judgment in favor of the plaintiff was considered in the case of Arceneaux v. Louisiana Highway Commission, La.App., 12 So.2d 733, 735, by our brethren of the Orleans Court of Appeal wherein it was stated:
“And there is the circumstantial evidence that after the accident the car was found turned over some 25 or 30 feet beyond the hole. But this fact does not prove that it turned over because of the hole.
“Counsel for plaintiff have directed our attention to several cases in each *457 of which circumstantial evidence was held sufficient to prove that the facts were as contended for by the plaintiff. For instance, in Buechner v. City of New Orleans, 112 La. 599, 36 So. 603, 605, 66 L.R.A. 334, 104 Am.St.Rep. 455, although there was no eyewitness to the accident, the Supreme Court held that the record showed that a little boy had fallen through a hole in a bridge. But there were other facts which led to the conclusion that there was no other reasonable hypothesis for the boy’s death. The body 'was found immediately beneath the hole in the bridge.’ There were ‘bruises and cuts on the body that might have been readily produced by a fall through the hole in the bridge’ and there were ‘flesh marks on a large nail or spike which was on the inner edge of the hole.’
“It might likewise be said of Wright v. Petty, 7 La.App. 584, that the facts left no other reasonable hypothesis. There, in a syllabus by the court, appears the following: ‘Where circumstantial evidence is not conclusive but leaves no other hypothesis it will be considered sufficient.’
“Our attention is also directed to Simmonds v. Southern Rifle Club, 52 La.Ann. 1114, 27 So. 656, and it is true that there was no eyewitness to the accident. But there again the court said that there might be a recovery on circumstantial evidence ‘where the evidence excludes every other reasonable hypothesis * * * ’.
“Castille v. Cormier, 144 La. 640, 81 So. 210, is cited in several of the cases relied on, and there too there was no actual eyewitness who could state that the fire complained of had been caused by sparks emitted from a tractor owned by the defendant, yet the court held the defendant liable. But there too the court found that there was ‘no other theory which finds any support in the facts * * *.’
“Counsel for plaintiff cite Huddy’s Encyclopedia of Automobile Law, Vol. 17-18, pages 17, 18, as authority for the view that circumstantial evidence may sometimes be relied on to establish the cause of an accident. There is no doubt of this. But Huddy agrees with all of the authorities that this circumstantial evidence must exclude, with a fair amount of certainty, any other reasonable hypothesis.
“We conclude that the circumstantial evidence is not sufficient to establish the cause of the death.”
Likewise, this court has consistently held “that a plaintiff relying upon circumstantial evidence is required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on”, Bickham v. Wax Lumber Co., La.App., 84 So.2d 60, at page 62; Marcel v. De Paula Truck Line, La.App., 70 So.2d 772; Lanoix v. Home Indemnity Co. of New York, La. App., 13 So.2d 501.
Counsel for plaintiffs strongly contend that he has sufficiently borne the -burden of proof when he proved that there was oil on North 33rd Street from its intersection with Weller Avenue to Anna Street, and that this oil must have been the direct or indirect result of the oiling of Weller Avenue by the defendant Gran-berry in accordance with his contract of employment to do so by the defendant Ac-cordo, and also as a result of the oiling of Anna Street. He contends that he has proven that it could not have gotten on Weller Avenue in any other manner, in other words, that he has excluded with a fair amount of certainty any other, reasonable way in which this oil could have gotten on North 33rd Street. However, the findings of fact by the trial judge are in accordance with the testimony and we have *458 not quoted the testimony which he quoted from the récord in his reasons for judgment.
The defendant Granberry testified in placing this oil on Weller Avenue he at no time crossed North 33rd Street with his oil spouts open. He stated that he first oiled that portion of Weller Avenue to the east of its intersection with North 33rd Street. In doing this he did not cross North 33rd Street but he backed up to the intersection line, turned his spouts on and went away from North 33rd Street. He completed the East side in the morning, went and got another load of oil, came back and did the West side in the same manner so as, according to his testimony, not to let any oil get on North 33rd Street. It is further shown that North 33rd Street was an asphalt or blacktopped street. It is common knowledge that in the building of such streets hot oil is poured over the asphalt. It is also proven that North 33rd Street was eight to ten inches higher than Weller Avenue, which would eliminate oil running over on North 33rd Street so as to bring about a condition which plaintiff’s witnesses testified was present on North 33rd Street on the night or evening of May 1, 1952, viz., that there was oil south of the intersection from three quarters to the entire width of North 33rd Street for a distance of two to three hundred feet or a block, according to the various estimates of the witnesses.
Accepting as true the fact that North 33rd Street is higher than Weller Avenue, and there is no testimony to the contrary, and accepting as true the defendant Gran-berry’s testimony as to the manner in which the burnt oil was placed on the gravel on Weller Avenue to lay the dust, in the absence of eye witnesses to the contrary plaintiff’s evidence is not sufficient to overcome the reasonable assumption that any oil on North 33rd Street was not put there by the defendant Granberry in oiling Weller Avenue, nor did it run from Weller Avenue onto North 33rd Street. The defendant Granberry further testified that the oil he was using was thin, burnt oil which went down into the rocks and dust.
Another very weak chain in plaintiff’s circumstantial evidence is the fact that Anna Street was not oiled until the morning after the accident, which would eliminate plaintiff’s original contention or inference that the defendant Granberry ran up and down North 33rd Street dripping oil for the entire block between Weller Avenue and Anna Street. To assume that Granberry put out so much surplus oil on Weller Avenue that it was sufficient to cover the entire width of North 33rd Street for approximately a block would be going far beyond the evidence.
Granberry testified that May 1, or the day that he put the oil on Weller Avenue, the temperature was above 90°, and that North 33rd Street being a blacktopped or asphalt base street, the oil or sticky substance which caused the plaintiffs to fall from their motorcycles could easily have been the result of the oil which is always used in constructing blacktopped streets or roads having come to the surface as the result of the hot weather. Plaintiffs, by their proof, have not excluded this theory which is reasonable by any testimony that North 33rd Street was not constructed of black top or asphalt base with oil.
We believe as did the District Court that the plaintiffs’ testimony is not sufficient to fit the requirements of the law where a plaintiff is relying upon circumstantial evidence.
For the reasons assigned, the judgment of the lower court is affirmed.