101 So.2d 483 (1958)
John H. SOLLBERGER, Plaintiff-Appellee,
v.
Jack WALCOTT, Defendant-Appellant.
No. 4595.
Court of Appeal of Louisiana, First Circuit.
March 17, 1958.
L. V. Cooley, Jr., Slidell, for appellant.
Porteous & Johnson, C. R. Boisfontaine, New Orleans, for appellee.
TATE, Judge.
Two days after Christmas in 1955 three large plate glass rear windows of plaintiff's home were broken by "B-B" pellets, as a result (according to plaintiff's petition) of the negligent or intentional misuse by defendant's minor son of his new air rifle. Defendant appeals from judgment casting him for the damages thus sustained.
There is no controversy as to the amount of the damages, $214.81; nor as to the fact that such damages were caused by "B-B" shots; nor as to the liability of defendant for the damage occasioned by his minor son (nearly eight years of age at the time of the accident), LSA-C.C. Art. 2318, see Philips v. D'Amico, La.App. Orl., 21 So.2d 748, certiorari *484 denied, if said child caused the damage.
In seeking reversal of the judgment below, counsel for defendant-appellant, conceding that factual determinations of the trial courts should not be disturbed upon review in the absence of manifest error, most ably urges that, nevertheless, the appellate courts of Louisiana, being charged with the duty of reviewing the facts as well as the law, can and should reverse factual decisions if reaching a different conclusion than the trial court as to "the sufficiency or the preponderance of the testimony rather than of the credibility of the witnesses," Succession of Fields, 222 La. 310, 62 So.2d 495 at page 498. See also Jordan v. Jordan, 175 La. 468, 143 So. 377.
Counsel then urges that the plaintiff has not borne its burden of proving by a preponderance of the evidence that the destruction of his windows was caused by the act of defendant's son.
Defendant's son denied that he shot plaintiff's windows. He did testify that he was at the scene of the incident shooting his air rifle at birds in the trees in the back of plaintiff's house, where (he said) there were several other boys similarly shooting. His parents also testified that due to his infancy the boy was unable to cock his air rifle without first placing it against the ground, the purpose of this testimony being to indicate that the boy could not have shot plaintiff's window 8 or 9 times during the short interval during which plaintiff's wife, upon being informed that someone was shooting at her windows, ran from the front to the back of her home.
The sole evidence introduced on behalf of plaintiff was the testimony of his wife. She testified that while talking with a neighbor at the front of her house, her children "ran and called me and told me someone was shooting and I ran and saw" defendant's boy, with his air rifle, across the fence at the rear of her house and also found the three windows shattered by "BB" shots.
She further testified that she asked defendant's son why he had shot the window; and that the boy replied he was not shooting at the glass, and it was not his intention to break the glass, although he neither specifically admitted nor denied shooting the windows. She qualified this testimony by stating that although she believed this conversation occurred immediately at the scene of the incident, at which time she also went to look after her baby sleeping under one of the shattered windows, it may have taken place in the next day or so in the several conversations she had thereafter with defendant's child.
This witness was positive there were no other children with air rifles behind or around her home at the time of the incident.
The District Court accepted the testimony of plaintiff's wife as correct. Thus, as suggested by counsel for plaintiff-appellee, we think the situation is similar to that where a jam-smeared child denies having broken into the pantry preserves. In the absence of other jam-smeared children, the circumstances indicate to a reasonable certainty that the child's denial is incorrect.
For "the law does not require every fact and circumstance which make up a case of negligence to be proved by the direct and positive testimony or by the testimony of eyewitnesses," 38 Am.Jur. "Negligence" Section 333, p. 1032. And "circumstantial evidence is regarded by law as competent to prove any given fact in issue in a civil case," 20 Am.Jur. "Evidence" Section 272, p. 259. "`[A] plaintiff relying upon circumstantial evidence is required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on' (cases cited)", Gomez v. Granberry, La. App. 1 Cir., 89 So.2d 454, 457.
The preponderance of the evidence by which a plaintiff is required to prove his case requires such proof to be of a reasonable certainty, not of an absolute certainty; for if the latter were required, the *485 negligent or intentionally harmful act could never be proved in the absence of a confession or an eyewitness.
Defendant-appellant further argues that the failure of plaintiff to call his own children (at least one of whom was the same age or slightly older than defendant's boy), who admittedly were playing in the back of the house at the time of the incident, creates an unfavorable inference as to what their testimony would be. Olivier's Minor Children v. Olivier, 215 La. 412, 40 So.2d 803, Succession of Yeates, 213 La. 541, 35 So.2d 210, Bates v. Blitz, 205 La. 536, 17 So.2d 816. This argument raises a most serious question, especially since there is also a doctrine that circumstantial evidence is not the best evidence if direct or primary evidence exists, or if it is shown to probably exist and its absence is not accounted for. 20 Am.Jur. "Evidence", Section 271, p. 258, Section 424, p. 379.
However, taking into view all the circumstances of this casethe lack of any indication in the evidence that these children could actually testify to anything else other than what is admitted by all parties, the damage to the windows by "BB" shot and the presence at the scene of defendant's boy with his air rifle; that as to negativing or proving the absence of other boys at the scene with air rifles, a counterbalancing and equally unfavorable inference against defendant arises from his own failure to call his son's friends whom his son claimed also to have been in the vicinity with him with air rifles and thus able to corroborate his testimony that even another six boys unknown to them were also there with air rifles at the time; that the District Court accepted testimony that defendant's son was the only child with an air rifle on the scene immediately after the incident, indicating to a reasonable certainty in the absence of corroborative exculpatory explanation, claimed to be available but not produced, that he caused or participated in the causing of the damage for which recovery is sought; the tender years of the plaintiff's children and the unwillingness of the parents to put them through the ordeal of testifying in court; that the case, although brought in plaintiff's name, is actually a subrogation suit brought for the use and on behalf of his insurer who paid for replacement of the damaged windows, thus as a practical matter somewhat lessening the control of the true plaintiff over producing the children in court, cf., Lebo v. Metropolitan Cas. Ins. Co., La.App. 1 Cir., 99 So.2d 417we have come to the conclusion that, while most probably the better practice would have been for plaintiff to have produced the testimony of his children or to have explained the absence thereof, such omission under the particular circumstances of this case does not require our reversal or remand.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.