124 So.2d 333 (1960)
Joseph O'PRY et ux., Plaintiff-Appellee,
v.
CITY OF OPELOUSAS et al., Defendants-Appellants.
No. 103.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
*334 Dubuisson & Dubuisson, by James G. Dubuisson, Opelousas, for defendant-appellant.
C. Kenneth Deshotel, Opelousas, for plaintiff-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
This is a personal injury suit. The defendant municipality and its liability insurer appeal from judgment awarding the plaintiffs damages, and the plaintiffs answer the appeal requesting that the awards be increased.
Mrs. Joseph O'Pry, who with her husband brought this suit, stepped on the cover of a city water meter on her premises while she was going to the side of her house to unclog a drain from her washing machine. The cover tilted because it had been left unlocked, and the plaintiff's foot slipped into the meter hole, resulting in the personal injuries for which this suit is brought. Her husband as co-plaintiff seeks to recover also for medical expenses and the loss of her wages occasioned by the injuries.
It is conceded that the defendant municipality is liable for any negligence of its employees in the operation of the city water business, a proprietary function. Likewise, the evidence reflects without substantial question that whoever left the water meter cover unlocked was negligent in creating a foreseeably hazardous condition on the plaintiffs' premises and that Mrs. O'Pry was not contributorily negligent because she could not by the exercise of ordinary care have observed and appreciated this unexpected hazard in her path. Cf., Corkern v. Travelers Ins. Co., 229 La. 592, 86 So.2d 205; Toppi v. Arbour, La.App. 1 Cir., 119 So.2d 621; Brantley v. City of Baton Rouge, La.App. 1 Cir., 98 So.2d 824; *335 Waggoner v. City of Minden et al., La.App. 2 Cir., 9 So.2d 244 (on exception of no cause of action), 16 So.2d 150 (on merits); Strickland v. Istrouma Water Co., La.App. 1 Cir., 164 So. 347.
Upon appeal, the sole alleged error urged by the defendants-appellants is in the trial court's conclusion that the usually-locked meter cover had been unlocked so as to constitute a hazard because of negligence on the part of the defendant city. It is urged that there is insufficient evidence to support a finding that any city employee had been guilty of such negligence.
The uncontradicted evidence shows that these meter covers were supposed to be safely locked at all times, but that the city water employees had a special key to unlock such covers temporarily for such purposes as making periodic meter readings for purposes of building water consumers. In addition, however, for their own convenience some of the plumbing contractors in the city had secured keys to permit access to these meters on some occasions when they serviced the water lines leading from the meter into the houses.
The evidence further shows that either on the day of the accident or on the day previous the city employees had installed a new water meter for a house in the rear of the plaintiffs', which new meter was within 18 inches of the plaintiffs' old water meter, upon the unlocked cover of which the plaintiff slipped. While a private plumbing contractor had laid a line from the other house to where the new meter was to be placed, the city employees dug the hole for and installed the new meter and also tapped the line which led to the old meter in order to connect it with the new meter. The private plumber then connected his service line to a line leading from the new meter left open by the city employees.
We think that a reasonable preponderance of the evidence proves that the unlocking of the previously-locked old meter cover was the act of a city employee. Although no city employee admitted to doing so, at the time in question only city employees had occasion to open the old meter, either in tapping the old line or for other purposes at the time they installed the new meter; while the evidence without contradiction shows that the private plumbing contractor's labors ended with the connection of the new line to the new meter and without any occasion for him or his employees to open the old meter, the unlocked cover of which caused the damages for which recovery is sought.
In our opinion, therefore, the plaintiff has successfully met the standard of proof set forth by Bickham v. Wax Lumber Co., La.App. 1 Cir., 84 So.2d 60, 62, "that a plaintiff relying upon circumstantial evidence is required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on."
Insofar as Mrs. O'Pry has answered the appeal requesting an increase in the award of three thousand dollars for her personal injuries (a badly sprained ankle, very painful at first, requiring a semi-cast for eight weeks and ankle braces for six to eight months, with recurrent episodes of painfulness and disability during that time, but with insignificant residual), such award is not manifestly insufficient, see, e. g., Corkern, Toppi, and Brantley cases, above cited. And insofar as the answer seeks an award for Mrs. O'Pry's loss of earnings as a practical nurse because of her disability, we think the trial court correctly disallowed any such claimed loss as insufficiently proved by only her own uncorroborated testimony that she had lost such earnings, especially since the evidence reveals that she had worked only two days in the 3½ months of the year preceding the accident. See Rhymes v. Guidry, La.App. 1 Cir., 84 So.2d 634.
For the foregoing reasons, the trial court judgment is
Affirmed.