TATE, Judge
(dissenting).
With due respect to my able and esteemed brethren, the writer is of the opinion that *126 the application for rehearing should he granted.
In the writer’s opinion, the majority in its opinion has incorrectly placed upon the plaintiff-appellant an insurmontable burden of proof in requiring him to exclude to an absolute certainty the bare possibility that the explosion could conceivably have resulted from some other source of gas than the large leak in the town gas line right orttside his window. In my opinion, the plaintiff has proved by a preponderance of the evidence that the only source of the gas which undoubtedly caused the ruinous explosion in his home was from this pipeline; this is the only burden a plaintiff in a civil case is required to bear.
Under our jurisprudence, a party “relying upon circumstantial evidence is required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on,” O’Pry v. City of Opelousas, La.App. 3 Cir., 124 So.2d 333, 335; Sollberger v. Walcott, La.App. 1 Cir., 101 So.2d 483; Holder v. Lockwood, La.App. 2 Cir., 92 So.2d 768; Gomez v. Granberry, La.App. 1 Cir., 89 So.2d 454; Bickham v. Wax Lumber Co., La.App. 1 Cir., 84 So.2d 60. As noted in the Sollberger case, above-cited, “The preponderance of the evidence by which a plaintiff is required to prove his case requires such proof to be of a reasonable certainty, not of an absolute certainty; * 101 So.2d 484.
There is absolutely no evidence in this •case to show that gas could have entered the apartment of the plaintiff except from the leak in the pipeline. The plaintiff testified that all gas appliances in the apartment were shut off when he departed for the weekend, and he is corroborated by the testimony of the State Deputy Fire Marshal, who stated that his investigation showed that at the time of the accident all gas valves and a gas bathroom heater had been shut off and that the gas hot water heater had not exploded.
The evidence shows that the leak was from a hole in the gas line about the size of a penny (s/ie"). The mayor of the town had visually noticed the leak and had, immediately before the explosion, left to get a city repair crew to repair it. On the day of the accident, the wind was blowing in the direction of the plaintiff’s open windows, which the expert testimony (and also common sense) shows would have blown the gas towards the opening in the windows.
The plaintiff had been gone for a day before the explosion, during which time the gas had been leaking from the line just outed side his opened windows. The uncon-tradicted evidence also shows that a very small mixture of gas was necessary to produce the explosion (a minimum of 4'% by volume) and that, for instance, a 4}4' square box would have contained all the gas necessary to produce the explosion, if loosed into the building. The plaintiff’s expert testified that in thirty minutes enough gas to cause the explosion could have been blown by the prevailing wind through the plaintiff’s slightly opened windows. There is no question at all but that the explosion was produced by gas.
In the absence of any other proven source of the gas which exploded in the plaintiff’s home (beyond the closed gas cocks in the plaintiff’s home and in his home appliances), I think that the plaintiff has proven by circumstantial evidence to a reasonable certainty that the proximate cause of the explosion in his home was the leak from the defendant municipality’s gas line. To require even more positive proof on his part, is to require the plaintiff to prove beyond even a reasonable doubt the cause of the explosion — a burden of proof which (however appropriate in criminal cases) a Louisiana plaintiff is not required to carry in civil cases.
For these reasons, therefore, I respectfully differ from my brethern and am of the opinion that a rehearing should have been granted in this case.