144 So.2d 595 (1962)
AMERICAN EMPLOYERS INSURANCE COMPANY
v.
Eugene SCHOENFIELD et al.
No. 537.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Bienvenu & Culver, J. S. Arceneaux, New Orleans, for plaintiff-appellant.
Leonard J. Fagot, New Orleans, for defendants-appellants.
Before TATE, THOMPSON and BAILES, JJ.
ALBERT TATE, Jr., Judge.
This suit results from an incident of May 26, 1958, in which three teen-age boys were caught trespassing in a vacant city home. Considerable damage to the premises was found to have been caused by vandalism. The plaintiff is the insurer of such premises against such type of damage. It paid the loss to its insured, the owner of the premises, and now, under its subrogation claim, sues the fathers of these three minors to recover *596 the damages to the premises caused by vandalism.
The trial court found that the three boys were responsible for most of the damage found in the premises. It rendered judgment holding the three fathers liable in solido in the amount of $2,079.11. Two of the defendant fathers have appealed.
The defendants-appellants do not deny that the boys were caught trespassing on the premises. They contend, however, that the plaintiff has not borne its burden of proving that the extensive vandalism damages found in the premises were actually caused by the three boys and not by prior trespassers.
In support of this contention, the appellants point out that no eyewitnesses actually saw the boys doing the extensive damage.
They also rely upon certain testimony to the effect that the house had been vacant for several months prior to the incident of May 26, that the doors of the premises had been frequently unsecured and open to the public, and that the premises were seen by disinterested witnesses to have been already in a state of some disrepair before the present trespass of May 26. Counsel also contends most forcefully that it was not physically possible for the three young boys to have accomplished the extensive damage awarded in the short time allegedly available to them.
Nevertheless, despite these ably-argued contentions, we find no error in the trial court's determination that most of the damage found was caused by the three boys during their trespass of May 26.
Several days prior to the incident, when a door had been broken open, the owner had had the door fastened and barred; he had at that time inspected and found no extensive damage to the premises. He also checked the premises on the day before the May 26 incident and found all the entrances secured. A contractor, who had made minute inspection 2-3 weeks before the incident in order to prepare an estimate for renovation of the premises, testified that there was approximately $3,000 additional vandalism damage found by him on his inspection of the premises a day or so after the May 26 incident. The disinterested witnesses called by the defendant admitted, when confronted with pictures of the extensive damages found on the day after May 26, that the apparent deliberate destruction depicted therein greatly exceeded the state of disrepair seen by them a few days before, when they had entered the premises through a then unlocked door. (The owner stated that a repairman had opened and worked in the premises on several occasions prior to the incident.)
In addition, the facts surrounding the discovery of the boys in the premises strongly corroborate their having committed a great deal of damage. The first-door neighbor testified that she heard considerable destructive noises between 9 and 12 in the morning before she left for work. A short interval after her return from work at 5:00 P.M., she again noticed loud destructive noises in the vacant premises next door. She finally called the police at 6:00 P.M. The officers came and apprehended the boys trespassing on the premises, two of them engaged at the time in a destructive act. Although the boys testified that they had entered the premises through an unlocked door only after 5:00 P.M., it is noteworthy that they admitted meeting together at about nine in the morning at a bus stop about two blocks from the vandalized house, and that they produced no corroborating testimony, despite an issue made of the lack of it at the trial and despite the trial court's observation that they could subpoena corroborating witnesses to prove their story that up until shortly before 5:00 P.M. they had been at a school picnic attended by many friends and teachers, as well as by the mother of one of them.
The trial court correctly held that the vandalism was proved by circumstantial evidence. "Under our jurisprudence, a party `relying upon circumstantial evidence is *597 required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on,'" Lanza Enterprises, Inc. v. Continental Ins. Co., La.App., 3 Cir., 142 So.2d 580, 582; O'Pry v. City of Opelousas, La.App., 3 Cir., 124 So.2d 333; Holder v. Lockwood, La.App. 2 Cir., 92 So.2d 768; Gomez v. Granberry, La.App. 1 Cir., 89 So.2d 454; Bickham v. Wax Lumber Co., La.App. 1 Cir., 84 So.2d 60. In civil cases, "The preponderance of the evidence by which a plaintiff is required to prove his case [by circumstantial evidence] requires such proof to be of a reasonable certainty, not of an absolute certainty * * *", Sollberger v. Walcott, La.App., 1 Cir., 101 So.2d 483, 484.
Alternatively, the defendants-appellants contend that the award is excessive since it is impossible to determine the amount of the damage caused by the boys, even if they were guilty of some vandalism, in view of the testimony that some disrepair existed prior to the trespass
A preponderance of the evidence indicates that substantial if not all the vandalism damage was caused by the three boys. The trial court allowed the defendants a more or less arbitrary credit of $1,200 for any repairs which were actually necessitated by pre-existing disrepair rather than by the boys' vandalistic acts.
One injured through trespass or fault of another is entitled to full indemnification for the damages caused thereby, and, where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all the facts and circumstances of the case. LSA-C.C. Art. 1934(3); Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236; Bardwell v. Maniscaloo, La.App. 2 Cir., 135 So.2d 84; Farthing v. Neely, La.App. 3 Cir., 129 So.2d 224; Sutherlin Sales Co. v. United Most Worshipful, etc., La.App. 4 Cir., 127 So.2d 253; Harrison v. Petroleum Surveys, Inc., La.App. 1 Cir., 80 So.2d 153. Under the present facts, we find no abuse of discretion by the trial court in the amount of credit allowed for pre-existing damage, in arriving at the net amount of the damages caused by the boys. The award made is fully justified by the record.
For the reasons hereinabove set forth the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendants-appellants.
Affirmed.