569 So.2d 1089 (1990)
Mark DARTEZ, Plaintiff-Appellant,
v.
WESTERN WORLD INSURANCE COMPANY, INC., et al., Defendants-Appellees.
No. 89-511.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Writ Denied January 11, 1991.
*1090 Raleigh Newman, James Vallee, Donald McKnight, Lake Charles, for plaintiff-appellant.
David Painter, Voorhies & Labbe, Keitha Leonard, Jeff Townsend, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Mark Dartez filed suit for personal injuries sustained in an explosion and fire in a hunting camp. The camp was owned by Lawrence Quebodeaux, who subsequently died from injuries he received in the fire, and was located on land leased by Hecker Hunting Club, Inc. At the time of the accident, Quebodeaux was a member of Hecker Hunting Club, and Dartez was Quebodeaux's guest on the premises.
Dartez named as defendants Quebodeaux's estate; Quebodeaux's homeowner's insurer, Louisiana Farm Bureau Mutual Insurance Company; Hecker Hunting Club, Inc.; and the club's liability insurer, Western World Insurance Company.[1] Dartez appeals summary judgment in favor of Hecker Hunting Club and Western World Insurance Company.

FACTS
Hecker Hunting Club, Inc., is a non-profit corporation formed for the purpose of "encouraging, promoting and advancing and conducting pleasurable, recreational and other non-profit activities among its several members." The corporation is organized on a non-stock basis and has no shareholders. Its members pay a yearly fee for the privilege of hunting and fishing on property leased by the club from landowners in Calcasieu and Jefferson Davis Parishes. The corporation has an elected board of directors and officers.
The club permits its members to construct or to move private camps on its leased land. The private camps and their *1091 furnishings are owned by the individual members who place them on club property, and these camps are for the exclusive use of those members and their guests.
The facts of the accident are contained in the affidavit of Ken Potts, who was in a nearby camp at the time of the fire. Plaintiff did not introduce any evidence to contradict or to supplement Potts' affidavit, which defendants offered in support of their motion for summary judgment.
Potts stated he heard an explosion at approximately 5:04 a.m. on November 16, 1986. About five minutes later, Dartez and Quebodeaux, both burned, drove to Potts' camp, requesting assistance. Potts drove them to Lake Charles Memorial Hospital, and while en route, he heard Quebodeaux say he lit a match to light his stove and the stove blew up.
Potts, who is also a Calcasieu Parish Sheriff's Deputy, returned to Quebodeaux's camp to investigate the accident. There, he observed a stove with five control valves; only four of the control valves had knobs. He further noticed that the valve with no knob appeared to be partially "on" and that one of the knobs was in the "on" position. Burn patterns indicated to Potts that the explosion came from the stove: the wall to the right of the stove was blown out, and a window pane to the left of the stove was missing.

SUMMARY JUDGMENT
Dartez argues two theories of liability. First, he contends the stove was in the joint care of Quebodeaux and Hecker Hunting Club; therefore, the club is strictly liable for any harm caused by the defects of the stove under La.C.C. art. 2317. Second, he argues Hecker Hunting Club is vicariously liable for the negligent acts of its members committed in furtherance of the club's purpose.
Summary judgment is available only when the pleadings, depositions and affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C. C.P. art. 966. The burden is on the party filing a motion for summary judgment to show the absence of a genuine issue as to any material fact. Reasonable inferences to be drawn from subsidiary facts contained in the affidavit and depositions must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La. 1981). All reasonable doubts are resolved against the granting of summary judgment.
After reviewing the record, we find several issues of fact regarding both liability and coverage which would preclude summary judgment in favor of either remaining defendant.
Mr. Bill Fontenot, president of Hecker Hunting Club, testified he advised each member who constructed a camp on club property to include the camp in his own homeowner's policy. Fontenot, who is also an insurance agent, stated that the hunting club's general liability policy does not provide coverage for the camps owned by individual members.
Plaintiff countered Fontenot's testimony with the affidavit of J.C. Mobley, president of the club when the insurance policy was purchased. Mobley stated he requested coverage for these camps, and that he, as the owner of a camp, always believed his camp was included in the club policy. He further stated Fontenot never advised him to purchase his own insurance for his camp.
The Western World policy provides coverage for "Hecker Hunting Club, including lodge." The club has no common lodge for the use of all members. The only structures which could be considered a "lodge" are the privately owned camps.
The disputed fact of who insured the Quebodeaux camp is relevant to the issue of liability as well as coverage. Given the unusual facts presented, in that the building was owned by Quebodeaux but located on club property with the club's permission, the question of insurance is important in determining who had the legal custody of the camp. If the club purchased the policy intending to cover its members' camps, it may face liability under article *1092 2317[2] or for its negligence in failing to adopt minimum safety standards for buildings allowed on its premises.
The club's vicarious liability for the negligence of its members raises an interesting question that has not yet been addressed by Louisiana courts. Defendants contend that, as a corporation, Hecker Hunting Club can only be responsible for the authorized acts of its directors, officers and employees. Because Quebodeaux was only a member acting with no specific grant of authority, the club and its insurer claim they are not accountable to Dartez for his injuries. Plaintiff argues that because the club has no employees or other agents, its members are the only persons who can act in its name.
In Ermert v. Hartford Insurance Company, 531 So.2d 506 (La.App. 4th Cir.1988), reversed, 559 So.2d 467 (La.1990), the court had to decide whether the individual members of a hunting club, there an unincorporated association, could be personally responsible for the torts of one member. The court looked at several factors to determine when liability would flow from the member to the association and then to the association's members. One consideration was whether the tortious act was within the purpose for which the organization was formed. Although the Supreme Court reversed, it did so because it found the members of that particular group did not intend to form an unincorporated association.
While Ermert is not on point, we find it provides guidance in this case. Defendants would distinguish Ermert because it dealt with an unincorporated association as opposed to a corporation. However, the Supreme Court opinion in Ermert recognized that an unincorporated association, like a corporation, is a juridical entity separate and distinct from its individual members. The presence of a corporate entity in this case shields the individual club members from personal liability. However, the club's liability must be determined with a view to the purpose and activities of the organization.
The hunting club was formed to promote recreational activities among its members. In addition to providing land for conducting these activities, the club permitted its members to erect or move camps on club property and, in certain instances, to invite guests to participate in its activities. Whether Quebodeaux was acting within the scope of these activities is a question of fact more appropriately determined by the trier of fact, rather than on summary judgment.
For the above and foregoing reasons the judgment of the trial court granting summary judgment in favor of Hecker Hunting Club, Inc., and Western World Insurance Company, Inc., is reversed. Costs of this appeal are assessed against defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] After filing this appeal, plaintiff settled his claims against Quebodeaux's estate and against Louisiana Farm Bureau Mutual Insurance Company.
[2] For two cases which held similar clubs liable for defective things in their custody, see Simmonds v. Southern Rifle Club, 52 La.Ann. 1114, 27 So. 656 (1900) and Peterson v. Western World Insurance Company, 536 So.2d 639 (La.App. 1st Cir.1988), writ denied, 541 So.2d 858 (La.1989).