180 So.2d 48 (1965)
Clarence FREDIEU, Plaintiff-Appellant,
v.
CITY OF WINNFIELD et al., Defendants-Appellees.
No. 10409.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1965.
Rehearing Denied October 28, 1965.
Writ Refused December 13, 1965.
Gahagan & Gahagan, Natchitoches, for plaintiff-appellant.
Downs & Gremillion, Alexandria, Theus, Grisham, Davis, Leigh & Brown, Monroe, Martin S. Sanders, Jr., Winnfield, Hudson, Potts & Bernstein, Monroe, for defendants-appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
The plaintiff, Clarence Fredieu, instituted this suit for the recovery of damages for personal injuries sustained by him when, while removing a tire from a wheel on a garbage truck owned and operated by the City of Winnfield, the metal rim of the wheel flew off and inflicted serious personal injuries. Fredieu at the time was performing services as an employee of Machen's Gulf Service Station. Named as defendants were the City of Winnfield and its liability insurers, Coal Operators Casualty Company and The Insurance Company of Pennsylvania.
*49 The court overruled a motion for summary judgment filed on behalf of the Coal Operators Casualty Company and referred an exception of no cause or right of action filed by that defendant to the merits. The Insurance Company of the State of Pennsylvania filed a third party petition with demands against Ebb Machen, the proprietor of the station, and L. W. Reeves, an employee thereof. An exception of no cause and no right of action filed on behalf of Machen was sustained and a similar exception filed by L. W. Reeves was overruled. On May 10, 1963 a judgment of the court sustained an exception of no cause and no right of action filed on behalf of the City of Winnfield against the principal demand of Clarence Fredieu and the intervention of Maryland Casualty Company, the compensation carrier of Fredieu. Formal judgments upon the exceptions and pleas were entered.
Thereafter the case was tried and submitted on its merits resulting in a judgment signed on January 18, 1965, in favor of the Coal Operators Casualty Company and The Insurance Company of the State of Pennsylvania and against the plaintiff, Clarence Fredieu and the intervenor, Maryland Casualty Company, rejecting the demands of plaintiff and intervenor and dismissing the suit at their cost. Further judgment was rendered in favor of the third party defendant, L. W. Reeves, rejecting the demands of The Insurance Company of the State of Pennsylvania. Plaintiff has prosecuted this devolutive appeal.
Before this court it is argued by appellant that Dallas McElroy, the driver of the City truck, failed to discharge a legal duty by warning him of the dangerous condition of the wheel. In response to this contention the appellees assert that such duty was properly discharged.
The facts pertinent to proper resolution of the issues are not controverted. On August 30, 1961 Dallas McElroy, an employee of the City of Winnfield and a driver of its International truck with a garbage body equipped with dual rear wheels, drove into the Machen Gulf Service Station in Winnfield to have an inside left rear tire fixed. This occurred at a time when the proprietor of the station, Ebb Machen, and Clarence Fredieu and Cecil Desadier, two employees of the station, were absent at lunch. On duty was L. W. Reeves and while McElroy was discussing the service desired with Reeves, Desadier returned. Reeves, in a written statement given on September 27, 1961 gave this account of his conversation with McElroy with reference to the tire:
"* * * McElroy told me he had a flat on the left rear tire, the inside tire. In our talking, he told me that the rims were bad and that the best way to fix the flat would be to let the air out of the tire. I had heard that the rims were bad from other service stations. McElroy left the station. We were real busy on this day. * * *"
While Reeves was occupied with a customer who came to hire a trailer Fredieu came back from lunch, got into the garbage truck, and placed it upon the outside rack where the rear wheel was lifted off the ground. He had loosened the lugs which secured the rim and was removing the wheel when the rim blew off striking him in the head and inflicting serious injuries. Desadier testified that when he suggested to Reeves that "We had better fix the flat," Reeves told him, "No, just wait a few minutes."
At the time the garbage truck was left for the necessary tire repair and during the absence of Machen, his three employees, Reeves, Fredieu and Desadier, were of equal authority. It was customary for the employee who received the work of a customer to attend to the matter himself and receive such help as he needed. Undoubtedly, Reeves had expected to repair the tire himself and was only prevented from doing so because of his preoccupation with a customer when Fredieu returned and undertook the job without consultation with Reeves. Fredieu was not advised by anyone of the defective nature of the tire and rim.
*50 It is well recognized as a general proposition that:
"* * * in every bailment a minimum obligation rests upon the bailor to refrain from knowingly delivering to the bailee any chattel of a nature or in a condition of which the bailee is ignorant, which is likely to imperil the life, limb, or property of one exercising the degree of care required of a bailee in a bailment of that class, without first disclosing the condition of the property and giving him the opportunity to decline the bailment or to take appropriate precautions with respect thereto; the bailor may be liable to the bailee for injuries resulting from his failure to fulfill this obligation." [8 Am.Jur. 2d, Bailments § 143]
The primary question presented upon the appeal is whether or not McElroy discharged his duty. The trial court in its reasons for judgment observed that the driver of the garbage truck with knowledge of the danger owed a duty to its bailee, Machen Gulf Service Station, to disclose the nature of the defect and to warn of its dangerous condition. The court resolved that McElroy did in fact discharge this duty by advising L. W. Reeves of the dangerous condition. The court further concluded that the duty imposed upon McElroy did not require that he advise every employee of the station of such danger and that as Reeves was an agent of Machen the notice given to Reeves was notice to Machen and to all employees who might work on the truck.
The rationale of the court in this respect seems entirely logical. As Fredieu was not present when the truck was left at the station McElroy could not reasonably be expected to remain in order to see that the person who would eventually work on the truck was given personal notice of the condition of the rim. The notice given to Reeves was sufficient.
In view of our ruling on the merits of plaintiff's case wherein we have upheld the decision of the trial court that plaintiff failed to establish liability, it is unnecessary to pass upon the other exceptions and pleadings filed herein. However, the decision of the trial court sustaining the exception of no cause or right of action and motion for summary judgment predicated upon the immunity of the City of Winnfield from tort liability decided February 3, 1963, is contrary to Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 decided May 3, 1965 wherein the Supreme Court ruled that LSA-Const. art. 3 § 35, as amended by Act 621 of 1960, provided a waiver of the traditional immunity of the state and its subdivisions in actions founded on tortious conduct of officers and employees when functioning in governmental capacity.
It is our conclusion that there was no breach of duty and therefore no basis for a suit for actionable negligence. It follows that judgment of the trial court rejecting the demands of plaintiff against all parties defendant should be and is hereby affirmed at appellant's cost.
AYRES, Judge (dissenting).
That the truck involved was a dangerous instrumentality, particularly as regarded the highly inflated, defective tire and its mountings on the outside of a rear dual wheel, was not only thoroughly established but conceded not only by its owner, the City of Winnfield, a defendant herein, but by its employee. That the owner and the driver of the truck were well aware of the dangerous character of the instrument, from previous occurrences and experiences, was likewise not only established but admitted. The defect in the tire or wheel was such that the outside rear tire could not be safely removed in the usual and customary manner so that access to the inside tire might be had and such tire removed for repair. Repair of this tire was the purpose for which the truck was left at the service station where plaintiff was employed.
It was likewise not only established but conceded that plaintiff had no notice or warning of the danger. Neither the owner *51 of the station nor anyone with managerial authority, nor anyone having any duty or responsibility to inform plaintiff was notified or warned of the danger. The truck driver's statement to another employee of the service station that "the rims were bad and that the best way to fix the flat would be to let the air out of the tire" was not only insufficient as a notice or warning of danger but no notice or warning at all to plaintiff, who, without knowledge of any danger and in the usual course of his employment, requiring the performance of any task coming to his attention, undertook the repair of the flat tire in the usual and customary manner.
It appears obvious, therefore, that the driver of the defendant City of Winnfield's truck failed to discharge a legal duty of warning plaintiff of the dangerous character of the wheel, or at least of giving notice thereof to someone having a duty to communicate the warning to plaintiff. The accident thus precipitated inflicted serious and permanent injuries upon him for which he should be compensated in damages.
Therefore, I respectfully dissent.