BOLIN, Judge.
While employed as a service station attendant at Southern Hills Esso Servicenter Don Estill received personal injuries when a small tractor tire which he was repairing exploded or blew up. Alleging the accident was caused by the negligence of L. E. Gillan, owner of the tire, in failing to warn plaintiff of the defective condition of the tire and rim when he brought it to the service station for repair plaintiff instituted this action against Gillan and his insurer, The Hanover Insurance Company. From judgment rejecting plaintiffs demands he appeals.
The trial judge did not assign written reasons for his findings. Therefore, we shall relate the facts as we find them. On July 4, 1965 Gillan brought a garden-type tractor tire on a metal rim to the service station to have a flat tire fixed. The tire was mounted on a split-type rim joined together by several nuts and bolts. Gillan gave the tire and tube to plaintiff with a statement to the effect that the tire was flat and he wanted it fixed. Plaintiff immediately took the tire to a nearby workbench where he began to inflate it. Before inflating the tire no effort was made by plaintiff to check the valve to determine if it was leaking. Neither did he check the tire pressure nor let any air out of the inner tube. The air hose used to inflate the tire was connected to a pressure tank capable of inflating a tire to a pressure in excess of 100 pounds. There was no device connected to the hose indicating the amount of air pressure in the tire. While plaintiff was thus inflating the tire an explosion occurred, apparently caused by the separation of two sections of the *544 rim, which allowed the tire and tube to become dislodged from the rim. Plaintiff received rather painful injuries which were made the basis of this suit.
The issue for our determination is whether, under the facts as here found, there has been established actionable negligence against defendants.
Appellant chiefly relies upon the principle of law enunciated in Fredieu v. City of Winnfield, 180 So.2d 48 (La.App. 2 Cir. 1965, writ refused) wherein this court quoted from 8 Am.Jur.2d, Bailments § 143:
“ * * * in every bailment a minimum obligation rests upon the bailor to refrain from knowingly delivering to the bailee any chattel of a nature or in a condition of which the bailee is ignorant, which is likely to imperil the life, limb, or property of one exercising the degree of care required of a bailee in a bailment of that class, without first disclosing the condition of the property and giving him the opportunity to decline the bailment or to take appropriate precautions with respect thereto; the bailor may be liable to the bailee for injuries resulting from his failure to fulfill this obligation.”
The instant case is factually distinguishable from the Fredieu case. There an employee of the City of Winnfield drove a garbage truck into a service station to have an inside rear dual tire repaired. He notified the service station attendant the rim was defective and the air should be let out of the outside tire before removing it to gain access to the flat tire to repair it. Some time thereafter the station employee who received the instructions became engaged in other duties and a fellow employee was injured while attempting to remove the tire with the defective rim. It was held the city employee, as bailor, owed a duty to the service station, as bailee, to warn the latter’s employees of any known dangerous defects in the tire or rim. The court held further this duty had been discharged by the warning given one of the service station employees which constituted implied notice and warning to the remaining employees.
In the intant case the evidence is conflicting as to whether there was, in fact, a defect in the rim. To the contrary, defendants contend the explosion was caused by Estill’s negligence in putting too much air in the tire. Although the tractor was several years old and there is some dispute as to whether Gillan was familiar with the condition of the tire and rim we are convinced from the record he had no knowledge of any defect in the rim at the time he gave it to Estill for repair. From this finding we conclude plaintiff has failed to sustain the burden of proving his injuries were caused by negligence on the part of defendant Gillan.
Plaintiff, alternatively, pleads res ipsa loquitur and cites several cases in support thereof. It is elementary that this doctrine is a rule of evidence and unless the established facts justify an inference of negligence the doctrine is not applicable. Another prerequisite to the applicability of the doctrine, not present in the instant case, is the requirement that defendant have exclusive control of the agency which caused the injury. Without going into detail we find necessary elements lacking for the application of the doctrine of res ipsa loquitur.
Finding no error in the judgment appealed from it is accordingly affirmed at appellant’s cost.
Affirmed.