SAVOY, Judge.
This is a suit in tort for damages allegedly sustained by plaintiff, Wilburn Coker, Jr., as a result of the negligence of Panky Wheat. The Continental Insurance Companies are the liability insurers of Panky'Wheat, who is engaged in the business of contract truck hauling.
This suit was originally filed by Wilburn Coker, Sr. for his minor son, Wilburn Coker, Jr.; however, at the time of trial, Wilburn Coker, Jr. had reached the age of majority and was substituted as party-plaintiff in his own name.
An intervention was filed in this matter on behalf of Confederate Memorial Hospital to recover expenses incurred by plaintiff allegedly as a result of the accident which is the subject of this litigation.
Following a trial on the merits, the trial court' entered judgment in favor of defendant, Continental Insurance Companies, and dismissed plaintiff’s action. The intervention filed on behalf of Confederate Memorial Hospital was also dismissed. From this adverse judgment, plaintiff has perfected the instant appeal.
The pertinent facts of this case reveal that on June 4, 1968, Clifton Carrier, an employee of Panky Wheat went to the Willis’ Esso Station in Oakdale, Louisiana, where plaintiff was employed. Carrier requested that three truck tires be repaired. Plaintiff and a fellow worker went to the Wheat Truck Yard and removed the three wheels and tires from the eight wheel tandem gravel trailer.
After removing the wheels with the tires mounted on them, the wheels were loaded into a pick-up truck and taken back to the Willis’ Service Station and unloaded. Plaintiff then proceeded to remove the tires from the wheels and replace the tubes after repairing them and remount the tires on the respective wheels. Plaintiff also replaced the ring flanges securing the tire to the rim.
Sometime after the repair work was done, a pick-up truck belonging to Panky Wheat returned to the service station, and the repaired tires were loaded into the pick-up truck. Plaintiff and a co-worker followed the pick-up truck to Wheat’s Yard and proceeded to remount the tires onto the truck. Two of the tires were replaced without incident. Plaintiff prepared to place the third tire on the truck while the co-worker continued to jack up the truck. While plaintiff was placing the wheel on the axle, or while he waited to place the wheel on the axle, the tire *329 assembly became disengaged from the rim and violently threw the ring flange off the rim and tire causing serious injury to plaintiff when the flange struck him in the face and eye.
Plaintiff contends that defendant’s insured owed to plaintiff, as a bailor, the duty to exercise reasonable care in furnishing a chattel suitable for ordinary repairs. Plaintiff further contends that the cause of this accident was a defective or bent rim which was so much out of round that the tire failed to properly seat on the rim, and that this caused the tire to become unseated throwing the ring flange into plaintiff.
Plaintiff further contends that Panky Wheat’s employee was under a duty to inspect his tires and rims and be certain that they were not in a defective condition prior to delivering them to plaintiff for repair.
On the other hand, defendant contends that there is no showing that the rim was in fact out of round prior to the time that it was delivered to plaintiff for repairs to the tire and tube and denies that defendant’s insured was under any obligation in this case to inspect the tire rims for defects prior to delivering them to plaintiff for repair. Defendant further states that since the entire wheel assembly which caused injury to plaintiff had been completely in his exclusive possession and control for a number of hours prior to the time of the accident, if there was any negligence on the part of Panky Wheat’s employee, plaintiff himself was contributorily negligent in failing to discover the alleged defective condition of the rim.
In disposing of this matter on the merits, the trial court in its written reasons for judgment stated:
“Plaintiffs have sued Mr. Panky Wheat’s liability insurer, alleging that Mr. Wheat or his employee knew or should have known that the tire and/or wheel assembly in question was defective and dangerous, and that Mr. Wheat and/or his employee had a duty to warn Wilburn Coker, Jr. of this danger. There is evidence in the record to show that the rim in question was bent or warped at sometime prior to the trial of the case. There is no evidence in the record to show that the rim in question was bent or warped, or in any other way defective prior to the explosion which caused Mr. Coker’s injuries. There is no testimony to this effect, i. e., that defects in the rim predated the accident, either by Mr. Wheat, his driver, Mr. Carrier, or by the plaintiff himself, Mr. Wilburn Coker, Jr. There is no evidence of anything of that nature to support a finding that Mr. Wheat or his employee, Mr. Carrier, breached any duty owed to Mr. Coker.”
We find no manifest error in the trial court’s findings or conclusions.
As stated by the trial court, the record is devoid of any evidence which would establish that the rim in question was defective prior to the time it was delivered to plaintiff. Furthermore, even if this fact could be inferred from the evidence, there is no showing that defendant or his employee know or should have known of the alleged pre-existing defective condition of the rim.
Carrier, who was the driver requesting that the tires be repaired, testified that he had, just prior to the time of the accident, driven the truck on improved roads and not in the woods where most damage is done to tires and rims in the pulpwood industry. He further testified that he did not recall striking any object which would have bent the rim, and that he had not noticed any difficulty in maneuvering the truck as would be caused by a bent rim.
Plaintiff offered the testimony of Eugene Celestine, who was employed at a station in Mamou doing work similar to that of plaintiff, in an effort to establish that it was the duty of Carrier to inspect his tires completely before turning them over to appellant for repairs.
*330 Celestine testified that some drivers would inspect the tires, rims and rings when they brought their trucks in with flats. He did go on to state that this was usually done by drivers who had only one truck, and that the inspection was usually done as an economy measure to help hold down the costs of replacing such equipment on their trucks. Celestine also testified that he would inspect tire assemblies himself to avoid having a tire blow off the rim while he was remounting it. He also testified that if he did attempt to remount a defective or bent rim, he would use safety chains to prevent the tire from coming off the rim if it blew out while he was remounting the wheel onto the truck.
In Fredieu v. City of Winnfield, 180 So.2d 48 (La.App. 2 Cir. 1965), the question of the duty of a truck owner in a similar situation was discussed. The court stated that the legal duty owed by the owner of the chattel delivered for repair was that of a bailor, and that he had a duty to refrain from knowingly delivering a chattel which was in a condition, unknown to the bailee, which would make it likely to cause injury or damage to a bailee using reasonable and ordinary care. See also Estill v. Hanover Insurance Company, 209 So.2d 542 (La.App. 2 Cir. 1968).
Nothing herein establishes that the bailor knew or should have known that the wheel was in a dangerously defective condition, even assuming for the sake of argument that the rim was bent prior to the time it was delivered to appellant.
It will be noted that plaintiff's expert, Mr. Celestine, even testified that the explosion which injured Coker could conceivably have caused the damage to the rim itself.
Furthermore, we are convinced that if the rim were bent prior to the delivery to appellant, the wheel assembly was in the sole possession of appellant for a period of several hours, and that even a cursory inspection of the rim would have revealed its condition. Thus, the appellant was in at least as good a position as Wheat’s employee to discover the defect after disassembling the wheel.
Thus, we think plaintiff has failed to prove that appellee’s insured breached a legal duty owed to plaintiff, and has failed to sustain the burden of proving that his injuries were caused by the negligence of Wheat or his employee.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff, Wilburn Coker, Jr.
Affirmed.