**76 So.2d 3**

Homer MILLER et al.

v.

Lois Lott MILLER et al.

No. 40370.

Nov. 8, 1954.

Joseph M. Blache, Jr., Reid & Reid, Hammond, for defendants-appellants.

Erlo J. Durbin, Denham Springs, for plaintiffs-appellees.

McCALEB, Justice.

This is a suit by forced heirs to annul a $5,000 mortgage executed by their deceased father in favor of one Floyd Lott on the ground that it was without consideration and made for the purpose of defrauding them of their rightful interest and legitime. Joined as codefendant with Lott is his sister, Lois Lott Miller, surviving spouse of decedent and the executrix of his estate. It is alleged that she conspired with her brother to have the mortgage placed on the property so as to benefit herself and minor child, the issue of her marriage with decedent, and thereby deprive plaintiffs of the share of the estate reserved to them by law.

In their answer, defendants denied the charges of wrongdoing and declared that the mortgage was valid in all respects. After a trial on this issue, there was judgment for plaintiffs, as prayed for. Defendants have appealed.

Plaintiffs are children of the first marriage of John E. Miller and one Mourning Holden. After her death, he married defendant, Lois Lott Miller, with whom he lived for approximately 16 years or until shortly before his death in May of 1950. On February 21, 1950, Miller mortgaged his store and residence located at Doyle, Livingston Parish, to Floyd Lott for $5,000, by authentic act passed before Mrs. Irene Boyd, Notary Public, in which he acknowledged payment of the consideration in cash.

Shortly after the execution of the mortgage, decedent and his wife became estranged and he instituted suit against her for a separation. On May 8, 1950, decedent made an affidavit before a Notary Public in which he delared that the mortgage in favor of Floyd Lott was false and that the $5,000 used in the transaction belonged to him personally.

To prove their case, plaintiffs relied mainly on decedent's affidavit and various oral declarations of like tenor which he had allegedly made to them and other persons. Counsel for defendants objected timely to the admission of this evidence on the ground that it was hearsay and that, since neither the affidavit nor the oral declarations were statements against decedent's interest, they did not come within any exception to the hearsay rule. The objections were denied.

We think that the judge erred in his ruling. Whereas Article 2239 of the LSA–Civil Code, as amended by Act 5 of 1884, grants to forced heirs the right to annul by parol evidence the simulated contracts of those from whom they inherit without being restricted to their legitime [1] it does not sanction the reception of hearsay testimony as a substitute for legal proof. The affidavit of decedent was inadmissible because it was hearsay and self-serving. The only declarations by a person since deceased, which are admissible as excep-

1. See Thompson v. Thompson, 211 La. 468, 30 So.2d 321 and cases there cited.

tions to the hearsay rule, are dying declarations, statements against interest and in rare instances pertaining to family history, relationship and pedigree, where they are received as a matter of necessity. See Winter v. Gani, La.App., 199 So. 600, citing 20 Am.Jur., Evidence, Sections 556 and 608; Raines v. Lyons, La.App., 6 So.2d 364 and Hicks v. Meridian Lumber Co., 152 La. 975, 94 So. 903.[2]

With the elimination of the objectionable affidavit and the statements attributed to the decedent, there remains no substantial evidence of simulation upon which a judgment in favor of plaintiffs could be based. On the contrary, the Notary Public who passed the Act and one of the witnesses subscribing thereto, both being apparently disinterested in the case, state that they saw the decedent with the cash and the Notary avouched that she counted it and found it to be correct. Floyd Lott testified that he gave the cash to decedent and Mrs. Miller, who was present at the time, corroborated his statement.

It is argued by counsel for plaintiffs in their brief that there is considerable doubt that Floyd Lott, who admitted that he did not have a bank account, was in a financial position to lend decedent $5,000. However, Lott testified that he owned his own

home and an automobile; that he was a carpenter by trade earning approximately $4,000 yearly and that he had saved money earned by him during several years in the armed forces. The best that can be said in plaintiffs' favor is that the circumstances of the case might be somewhat suspicious. But lawsuits cannot be decided on speculation. There must be a reasonable amount of probative evidence to fortify a finding of fact.

The judgment appealed from is reversed and plaintiffs' suit is dismissed at their costs.

76 So.2d 5

**STATE of Louisiana**

v.

**Athen S. TANNER.**

No. 41848.

Nov. 8, 1954.

---

2. And even in cases where the hearsay is receivable as declarations or admissions against interest by the deceased person, it is viewed as the weakest evidence, scarcely worthy of consideration. Succession of Crawford, 16 La.App. 326, 134 So. 269 and Swift v. Moffett, La.App., 6 So.2d 93 and cases there cited.