PONDER, Justice.
The plaintiffs sought to recover $23,000, the balance due on a promissory note, with interest thereon and 10% attorney’s fees. The note was originally for the sum of $34,313, executed on June 18, 1925, payable to the order of Myself and endorsed by the defendants, payments having made on the note reducing the principal to $23,-000. The note calls for 7% interest per annum and for 10% attorney’s fees. On March 1, 1929, after the principal of the note had been reduced to $23,000, the parties entered into an agreement by which the defendant transferred 155 shares of capital stock of the, Gulf & Bay Land Company, Incorporated to the holder of the note, Mr. A. S. White. The plaintiffs contend that this stock was given as a pledge to secure the payment of the note while on the other hand the defendant contends that this stock was given in payment of the note. It appears that this stock, bearing certificate No. 125, was delivered to the father of plaintiffs herein on April 4, 1929 and was thereafter transferred on the books of the corporation, to the name of plaintiffs’ father, Mr. A. S. White. The note in question remained in the hands of plaintiffs’ father until his death in 1934 and thereafter was secured through inheritance *718 by the plaintiffs. The stock still remains in the name of plaintiffs’ father.
The sole question presented in this controversy is whether or not the stock was given in pledge or was given in payment of the note.
The pertinent evidence relating to this controversy is the testimony of the defendant that the stock was given in payment of the note, and the following exhibits:
A letter written by defendant to Mr. A. S. White dated March 1, 1929:
“Mr. A. S. White “New Orleans, La.
“Dear Sir:
“Referring to my note dated June 18, 1925 for $34,313.00 covering my account with you and Mrs. White, which has been reduced to approximately $23,000.00, which note has been. recently renewed.-
“I agree to deliver to you one hundred fifty-five (155) shares of stock in the Gulf & Bay Land Company, in liquidation of this indebtedness.
“It is understood, however, that I, or any party designated by me, shall have the right or option to redeem the 155 shares of the Gulf & Bay Land Company stock within a period of two (2) years from date hereof, at the price of $200 per share.
“Yours very truly,
“/s/ A. H. Johness
“J/k
“Accepted:
“/s/ A. S. White “/s/ Ellese V. White”
Another letter dated March 1, 1929 written by Mr. A. S. White to the defendant:
“Dear Mr. Johness:
“With reference to your letter of today, wherein you agree to convey to me 155 shares of Gulf & Bay stock, in settlement of your note of June 18, 1925, amounting to $34,313.00, due Mrs. White and myself-
“It is understood that, notwithstand-you do not avail yourself of the redemption right in said letter or agreement, any sums that I may receive in the future upon said stock will be applied — first, to the interest upon said above note, and then the principal, and that I will return to you any further sums, or the stock, less 10% of such sums that would remain over the principal and interest of said note, or 10% of the stock, treating the delivery to me of the above stock the same as though it were given to me as collateral to the note in question.
“Your very truly,
“A. S. White (signed)”
“W/K
“This is an original letter and no copy exists.”
A memorandum dated March 1, 1929 on stationery bearing the letterhead Republic Steel Company Manufacturers initialed A. S. W., purportedly the signature of Mr. A. S. White:
“This is the substance of a letter given A. H. Johness in regard to 155 shares Gulf & Bay Land Co. I took for his note of $34,313.00 dated June 18, 1925; that I would treat same as collateral in order to give AHJ. — an opportunity to get this stock redeemed — he to pay me 10% extra and interest on whole amount of note @ 8% — Int—
“ASW
“The above is absolutely confidential between AHJ & myself and must not be mentioned to any one at present—
“ASW”
A memorandum on an envelope without date which states:
“Hold A. H. J. note with Gulf & Bay Land Co. Inc. stock until A. H. Johness *719 can secure payment of same in a more secure and definite way.” This is initialed “E. T. W. and A. S. W
Another memorandum on a piece of paper with no identification reading as follows :
“See letter today’s date Johness of even date (3/1/29) by me which he has and for certain reasons no carbon was made. (Signed) A. S. White. This was only done to help him over and he promises to renew note of $34,313 as soon as his affairs will permit.”
A letter dated September 17, 1929 written by Mr. A. S. White to the defendant:
“Mr. A. H. Johness,
“635 Common Street “New Orleans, La.
“Dear Sir:
“Referring to the 155 shares of stock of Gulf and Bay Land Company, on which you reserved the option to redeem at $200 per share—
“I beg to advise that, if you will take it off my hands now, I will accept $190 per share for it.
“Awaiting your early reply, I am, “Very truly yours, “(Signed) A. S. White”
“W/K”
The defendant contends that the memo-randa written by Mr. White are not admissible and even if so, they support his contention that the stock was given in payment of the note.
As we take it, it is immaterial whether they are considered or not because their contents would not alter the situation. The defendant’s uncontroverted testimony is to the effect that when the note was originally executed it was secured with 200 shares of stock of Gulf & Bay Land Company, Incorporated and that after the note was reduced to $23,000 that certificate No. 125, calling for 155 shares of this stock, was given in payment of the note. His testimony is supported by the letter of March 1, 1929 wherein the defendant stated that he gave this stock m payment of the $23,000 due on the note. The other letter of March 1, 1929, written by Mr. A. S. White, in the first paragraph states that the stock was given in settlement of the note and in the second paragraph it is indicated that the right of redemption of the stock is extended in a manner to accommodate the defendant. This is further explained in the memorandum of Mr. White, which is also dated March 1, 1929, where it refers to the defendant’s opportunity to redeem the stock. Mr. White’s letter of September 17, 1929 to the defendant shows that Mr. White considered that he was the owner of the stock and that he would accept $190 a share for it. The defendant is further corroborated in his testimony by the fact that the stock was actually delivered and transferred to Mr. White. This in our opinion refutes any idea that the stock was given in pledge and amply supports the contention that it was given in payment of the indebtedness on the note.
The plaintiffs seem to rely on the fact that the note was never cancelled or returned to the defendant, as strong evidence that the stock was given in pledge to secure the indebtedness. While this circumstance might be considered as somewhat suspicious yet the other evidence and circumstances amply support the defendant’s contention that the stock was given in payment of the indebtedness. Lawsuits cannot be decided on speculation or suspicious circumstances. There must be a reasonable amount of probative evidence to fortify a finding of fact. Miller v. Miller, 226 La. 273, 76 So.2d 3.
For the reasons assigned, the judgment of the lower court is affirmed at appellants’ cost.