248 So.2d 613 (1971)
B. Newton HARGIS et al., Plaintiffs-Appellants,
v.
The TRAVELERS INDEMNITY COMPANY et al., Defendants-Appellees.
No. 3415.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1971.
*614 Gravel, Roy & Burnes by Chris J. Roy, Alexandria, for plaintiffs-appellants.
Franklin, Moore, Beychok & Cooper by William H. Cooper, Jr., Baton Rouge, Richard L. Crowell, Alexandria, for defendants-appellees.
Before HOOD, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
In the latter part of January, 1966, a fire occurred in a residence owned by plaintiffs-appellants, B. Newton Hargis and Mrs. LaVergne Burdelon and occupied by a tenant, Milton W. Turnage and his family. Mr. Turnage was badly burned and the owners of the home, together with their insurer, Transamerica Insurance Company, settled the potential tort claim with him and his family and received acts of assignments from them. Aetna Casualty & Surety Company, fire insurer of the house, settled the fire loss claim with the owners and became subrogated to their rights.
The owners and the two above named insurance companies then filed suit on October 3, 1966 against the Travelers Indemnity Company, liability insurer of the City of Alexandria, Frank K. Chandler, builder of the house that burned, and Continental Casualty Company, liability insurer of Central Louisiana Electric Company, alleging in substance that the fire was caused by leaking gas which was not properly odorized. On November 19, 1967 Chandler filed a Third Party Petition against James R. Osborne, d/b/a Carr & Osborne Plumbing Contractors, as the sub-contractor who did the plumbing work in the house. On August 6, 1969 plaintiffs amended their original petition to include as defendant James R. Osborne individually and James R. Osborne d/b/a Carr & Osborne Plumbing Contractors, hereinafter referred to as Osborne, as well as their liability insurer, The American Insurance Company alleging their in solido liability with the previously named defendants. Subsequently plaintiffs dismissed as to Continental Casualty Company and The Travelers Indemnity Company.
Trial was had against Frank K. Chandler and Osborne, and resulted in a judgment rejecting plaintiffs' demands. Plaintiffs perfected an appeal to this court in which they allege that the trial court erred in its holdings that the doctrine of res ipsa loquitur was not applicable to this case, and that plaintiffs had otherwise failed to carry their burden of proof.
The fire which precipitated this litigation occurred when the tenant, Milton Turnage lit a heater located in the bathroom of the house. Mr. Turnage gave a statement which was admitted by stipulation of counsel as representing what his testimony would be. In it he stated that he lit the heater and left the bathroom. He returned some 15 minutes later and as he prepared to enter the bath, he "* * * heard a big noise like air coming into the bathroom and in a split second the room was filled with fire."
Inspection of the gas pipes in the attic after the fire revealed two fractures, a crack, and a bent horizontal length of ½-inch pipe. The bent pipe was connected on one end to a reducing tee and on the other to an elbow where it made connection with a vertical pipe running down to the bathroom heater. One of the fractures was located in the area where this vertical pipe screwed into the elbow. Above the tee was a short length of vertical pipe with *615 another elbow mounted on top of it. The second fracture was found where a horizontal ¾-inch pipe entered this other elbow. The crack was located in the thread of the ½-inch horizontal pipe where it entered the tee. Plaintiffs' case is based on the theory that the ½-inch horizontal pipe was bent by defendant's plumber during the installation of the plumbing system of the house, and that the bend produced such forces on the pipes as to bring about the fractures.
In seeking to prove their case, plaintiffs first advanced the doctrine of res ipsa loquitur in the trial court and they re-urge it here. Ordinarily this doctrine is applicable only to those cases in which the defendant has possession and exclusive control over the offending instrumentality. Trahan Drilling Contractor, Inc. v. Cockrell, La.App., 225 So.2d 599; Brannon v. Babin, La.App., 221 So.2d 336; Hanchey v. Central Louisiana Electric Co., La.App., 218 So.2d 399; Estill v. Hanover Insurance Co., La.App., 209 So.2d 542. Plaintiffs, being aware of the fact that defendants had not been in the house since their work there was completed some thirteen years prior to the fire, cite the Supreme Court case of Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, inter alia, for the proposition that exclusive possession and control by the defendant is not always a necessary prerequisite to the applicability of res ipsa loquitur. That case does indeed so hold, however the dispensation is not absolute. Both the Plunkett case and the jurisprudence following it require that where exclusive possession and control by defendant of the offending instrumentality are not present, plaintiff must show freedom from fault on the part of all through whose hands the instrumentality passed after it left the defendant. See for example our opinion in Arnold v. United States Rubber Co., La.App., 203 So.2d 764. The house in question was shown to have been possessed by a number of owners and tenants. Additionally there was evidence that the plumbing system installed by defendant had been tampered with during the addition of another room by an unknown person. Plaintiffs did not show freedom from fault on the part of these intervening parties and therefore the trial court was correct in its refusal to apply the res ipsa loquitur doctrine.
The remainder of plaintiffs' argument on appeal revolves around their contention that the trial judge erred in not finding that they had proved their case even without the aid of res ipsa loquitur. Thus counsel urges us to the conclusion that their case was proved at least by circumstantial evidence. While we are impressed by the ingenuity of his arguments and the diligence of his efforts, we are constrained to agree with the trial judge.
The law of this state requires that a plaintiff make out his case by a fair preponderance of the evidence. Johnson v. Kennedy, 235 La. 212, 103 So.2d 93. Mere speculation, suspicion or probability cannot form a proper basis to sustain a judgment. White v. Johness, 237 La. 1074, 112 So.2d 717; Guillory v. New Amsterdam Cas. Co., 244 La. 225, 152 So.2d 1. Further, while it is true that the burden of proof may be met through the use of circumstantial evidence, such evidence must be of a nature to exclude with a fair amount of certainty all other reasonable hypotheses. American Employers Insurance Co. v. Schoenfield, La.App., 144 So.2d 595; and cases cited therein.
Plaintiffs' case in chief consisted primarily of the testimony of two experts who, with minor discrepancies, expressed the same basic opinion. Both thought the culprit in the fire to be the bent eight-foot pipe, and both opined that the pipe was bent by the plumbers who installed it. They reasoned that the forces applied by the bend in the pipe produced the fractures.
The efficacy of the first expert's testimony was somewhat diminished, however, when it was shown that there was a discrepancy between his testimony at trial *616 and earlier reports that he had issued, regarding the time at which the fractures or portions thereof, had occurred. The second expert weakened his position when he expressed the opinion that since the ¾-inch pipe ran over, or in the immediate vicinity of, an attic fan, it was quite possible that the installer of that fan had exerted such force upon the pipe as to cause its fracture.
To refute the evidence offered by plaintiffs, defendants introduced the testimony of Osborne and one of the two plumbers that could have worked on the house in question. (The other was deceased.) Both testified that they had never installed a bent pipe in a house and that they had never seen their deceased comrade do so. This, we realize, is self serving testimony, at least on the part of Osborne himself. However, it does contradict the opinion expressed by plaintiffs' experts and thus makes the case of Olds v. Ashley, 250 La. 935, 200 So.2d 1, cited by plaintiffs for the proposition that uncontradicted evidence must be accepted as true, inapplicable to the case at bar.
Defendants also produced two former city inspectors, one of which inspected the plumbing in the house in question. Both of these testified that although they could not remember inspecting that particular house, they would not have approved a plumbing installation which included a bent pipe. A third and current inspector testified that in the course of his duties he had observed pipes in buildings that had burned and that it is not unusual for pipes to become deformed in fires. He was corroborated on this point by one of the former inspectors, now Superintendent of the Gas Department for the City of Alexandria. This gentleman also expressed the opinion that the unauthorized alteration of the plumbing system which was performed in installing a heater in the aforementioned added room could have affected the pipes so as to produce fractures.
From the above discussion it can be seen that the theory which plaintiffs advance as setting out the causative factors leading up to the fire, not only is contradicted by defendants, but stands amidst other plausible explanations which plaintiffs have not refuted. Considering this with the doctrine, too well settled in our jurisprudence to require citation, that the conclusions reached by a trial court are entitled to great weight on appeal and will not be reversed in the absence of manifest error, we are led to the inescapable conclusion that the finding of the trial court that plaintiffs have not met their burden of proof, must be affirmed.
Finally plaintiffs specify as error the trial court's acceptance of the testimony of defendants' witnesses as expert testimony. The determination of what will be accepted as expert testimony is a matter that is within the sound discretion of the trial judge. State through Dept. of Highways v. Huson, La.App., 166 So.2d 3; writ refused, 246 La. 877, 168 So.2d 104; Carvell v. Winn, La.App., 154 So.2d 788. Therefore, and because plaintiffs have not seen fit to favor us with argument on this point, we ascribe no error in the district judge's determination.
Defendant Osborne filed a plea of prescription in this court alleging that there could be no in solido liability and that consequently the interruption of prescription by the filing of suit against joint obligors is no longer valid and plaintiffs' suit is prescribed. Because of our conclusion herein this point is now moot andwe therefore do not consider it. For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiffs-appellants costs in both courts.
Affirmed.