BAILES, Judge.
Plaintiffs in this tort action seek to recover damages for injuries sustained by their mother, Mrs. Nina Stewart, when she allegedly slipped and fell in the bathroom at the home of her son-in-law, Mr. Lifford Fuller. The defendant is Allstate Insurance Company, the personal liability insurer of Lifford Fuller. From the judgment of the trial court denying recovery, plaintiffs have appealed. For the reasons assigned, we affirm the judgment.
In this action, Mrs. Bessie Foster, former wife of the insured, Lifford Fuller, appears as administratrix of the succession of her mother, and in that capacity seeks to recover medical expenses and damages for pain and suffering prior to Mrs. Stewart’s death, and for funeral expenses, and individually, all plaintiffs seek damages for the wrongful death of their mother, alleging that her death was caused by and the result of injuries allegedly received in the bathroom fall.
The facts are that Mrs. Stewart had resided in the home of her daughter and son-in-law (Mr. and Mrs. Lifford Fuller) for eight to nine years prior to her fall on August 17, 1969.
The Fuller home, located at 3720 Haring Road, Metairie, Louisiana, was a three bedroom dwelling in which Mr. and Mrs. Fuller resided with their 21 year old daughter, Miss Sheri Lester Fuller, and Mrs. Nina Stewart. The dwelling consisted of, along with the usual compliment of rooms, three bedrooms and two bathrooms, one called the pink bathroom and the other called the yellow bathroom. Mr. and Mrs. Fuller occupied one bedroom, their daughter, Sheri, another bedroom, and Mrs. Stewart, the third bedroom.
For three weeks immediately prior to the day of the accident, Mr. and Mrs. Fuller had been away from home on a trip to Al *480 abama. Only their daughter, Sheri, and Mrs. Stewart occupied the dwelling during the Fullers’ absence.
Sheri testified that her grandmother used the pink bathroom and she ordinarily used the yellow one; that on the day of the accident she had not used the pink bathroom but during the day before she may have gone in the pink bathroom once or twice to wash her hands. She further testified that on the occasion of her grandmother’s fall, she heard a loud noise which awoke her; that on investigating she found her grandmother lying on the bathroom floor. Sheri stated her grandmother told her she had fallen, but she (Sheri) did not check the floor to determine what caused her grandmother to fall.
There were no eye-witnesses to the accident, and there was no evidence introduced by plaintiffs to show what caused Mrs. Stewart to fall other than the proffered testimony set forth below. The plaintiffs attempted to elicit from Mrs. Fuller a statement of what Mrs. Stewart had told her about the slip and fall which plaintiffs denominated a dying declaration. Defendant objected to the introduction of the statement which objection was sustained by the trial court. Plaintiffs proffered the statement under C.C.P. Article 1636.
The proffered testimony follows:
“Q. Mrs. Fuller, what did your mother explain to you as to the cause of the accident?
“A. She said she slipped on something slicky — this was her own words— and she fell.
“Q. Where at?
“A. In the bathroom.
“Q. Could she identify the slicky or sticky substance?
“A. She said she didn’t know; that she was in too much pain, and never thought to look. All she knew was she slipped on something slicky.”
Plaintiffs argue that they are entitled to have the above proffered testimony admitted into evidence and considered by the court on the grounds that what was related by Mrs. Stewart to her daughter was a dying declaration, and further they are entitled to have it admitted by reason of necessity. In support of this position, they cite Miller v. Miller, 226 La. 273, 76 So.2d 3 (1954) and 20 Am.Jur., Evidence, Section 608.
Assuming arguendo that the statements by Mrs. Stewart first told to her daughter, Mrs. Fuller, the second day following the accident and several times thereafter, the last time being a few days prior to her death, are admissible in evidence and entitled to be considered by the court as probative of the cause of her fall, we find that the plaintiffs have not sustained the burden of proving that Mrs. Stewart’s fall was the result of or caused by a breach of the owner’s duty to exercise reasonable care in providing safe premises for the use of the invitee. The owner of the premises on which an invitee is injured is not an insurer of the safety of the invitee, but rather is under a duty to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. See Crittenden v. Fidelity & Casualty Co., La.App., 83 So.2d 538 (1955); and Alexander v. General Accident Fire & L. Assur. Corp., La.App., 98 So.2d 730 (1957).
Miss Sheri Fuller did not examine the bathroom floor to determine the presence of some substance or object thereon which caused her grandmother to fall. The statement attributed to Mrs. Stewart shows that she did not look to the floor to determine what caused her to fall, except to ascribe her fall to the presence of something slicky. Plaintiffs have not sustained the burden of proof by a preponderance of the evidence.
Moreover, the owner who owed to the invitee the duty of reasonable care had been absent from the premises continuously *481 for three weeks prior to the unfortunate incident and obviously could not be charged with knowledge of having caused or permitting any dangerous condition to exist on the bathroom floor.
For the foregoing reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.