GULOTTA, Judge.
This is a suit for damages and injuries resulting from an accident which occurred on October 10, 1968 at Clearview Shopping Center in Jefferson Parish where plaintiff was employed as a carpenter on the construction of a department store building.
The facts are that on October 10, 1968, plaintiff, Gene Hano, was employed by Gervais-Favrot Construction Company; and while in the course and scope of his employment, he fell approximately 20 feet to the ground from a wooden platform or scaffold which projected from the second floor of the building upon which he was working. The scaffold was constructed by using two 4' x 6's as longitudinal supports. They were approximately 18' long and lay flat on the second floor of the building extending out from the edge approximately 6 to 8 feet. The longitudinal supports were “counterbalanced” inside the building with heavy weights. One of these weights had been removed. The plaintiff walked out onto the platform, which tilted causing plaintiff to slide off and to sustain physical injuries.
The trial court rendered judgment in favor of defendant dismissing plaintiff’s suit at his costs. From this judgment, plaintiff appeals.
In seeking reversal, Hano contends that on the morning of October 10, 1968, the employees of defendant were wrecking out[1] pans on the floor above where plaintiff was working. These pans were supported by Ellis jacks and screw jacks.[2] *670 Plaintiff claims that the scaffold was counterbalanced by these jacks, and they were removed by defendant’s employees and used for support. There is no suggestion that defendant’s employees were seen moving the jacks. Plaintiff’s case is based on circumstantial evidence.
It is defendant’s contention, on the other hand, that plaintiff failed to prove that Ellis jacks were used as a counterbalance, and the supports were moved by defendant’s employees. They insist the evidence establishes that steel rods were used for counterbalance, and these were moved causing the scaffold to tilt downward causing plaintiff to fall to the ground below.
Defendants contend in the alternative that plaintiff is guilty of contributory negligence.
The trial judge in his reasons for judgment dismissed plaintiff’s suit for failure “to establish by a preponderance of the evidence any actionable negligence attributable to the defendants.” We agree. The record supports the trial judge’s conclusions. Plaintiff failed to establish the platform supports were counterbalanced by Ellis jacks as contended by him and further failed to establish that defendant’s employees moved the counterbalance causing the platform to tilt. Hano’s claim’s in this respect are clearly unsupported. Plaintiff stated that either Ellis jacks or screw jacks were used for counterweights. He claims the jacks were moved from the scaffold or platform by Garland Dupre, an employee of defendant. However, Dupre stated in his testimony that he was moving jacks in the area and concluded that he had moved jacks from a scaffold. He did not, in his testimony, state that he had an independent recollection of moving the jacks. However, he assumed that he had done so since he had been moving other jacks in the vicinity of the platform.
Franklin Yax, a carpenter employed as a foreman by the general contractor, Gervais Favrot, at the time, who, Hano admitted to the best of his knowledge, constructed the scaffold, stated in his deposition that two 16 or 18 foot 4x6 timbers were used as longitudinal supports. One support was counterbalanced with steel rods, the other with sandbags or concrete. According to Yax, upon inspection of the platform immediately after plaintiff’s accident, Yax found that the sandbags or concrete was left in place on one longitudinal support but that the steeel rods had been moved from the other. He denied that Ellis jacks or screw jacks were used on the platform for counterbalance. He further testified that iron workers, electricians, and plumbers employed by other subcontractors were working in the area of the platform in addition to defendant’s employees. This testimony created an inference that other workers in the vicinity had as much opportunity or reason to move the steel rod counterbalances as did defendant’s employees. Furthermore, Ford Seal, plaintiff’s witness, construction foreman for Gervais Favrot, testified that about 12 to 18 4 x 4’s and 4 x 6’s were used to counterbalance the scaffold.
In the final analysis, the plaintiff simply failed to establish that the accident was attributable to the negligence of defendant’s employees. In cases based on circumstantial evidence, as the instant matter, evidence must be of a nature to exclude with a fair amount of certainty all other reasonable hypotheses.[3] Plaintiff failed to carry this burden.
Accordingly, the judgment is affirmed.
Affirmed

. Taking down jacks and forms used for the pouring of concrete flooring in this case. This is done after cement is poured and set in order that the jacks may be moved to another area and reused as support for forms for the pouring of additional cement.

. An Ellis jack is a wooden support extending from the bottom floor to the beams *670 on the floor above and is used to hold in place the forms for the floor above into which cement is poured. These jacks hold up the above floor. Screw jacks, according to the record, are similar but are usually constructed of steel.

. Hargis v. Travelers Indemnity Company, 248 So.2d 613 (La.App. 3rd Cir. 1971).