285 So.2d 317 (1973)
Robert L. BAILEY, Plaintiff-Appellant,
v.
VINTON NURSERY, INC., et al., Defendants-Appellees.
No. 4319.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 3, 1973.
*318 Alvis J. Roche, Lake Charles, for plaintiff-appellant.
Plauche, Smith & Hebert by Allen L. Smith, Jr., Lake Charles, for defendants-appellees.
Before CULPEPPER, MILLER and PONDER, JJ.
MILLER, Judge.
Plaintiff Robert L. Bailey appeals from a judgment denying him recovery in a personal injury suit arising out of an intersectional collision. We affirm the trial court's finding that Bailey was contributorily negligent.
The collision occurred at 9:30 a. m. at the intersection of Common and Alamo Streets in Lake Charles. The intersection is controlled by an electric semaphore signal. The weather was clear and there were no obstructions to visibility in the immediate area.
Common Street provides one lane of traffic for northbound traffic and one lane for southbound traffic. Alamo Street provides one lane each for eastbound and westbound traffic.
*319 The suit against defendant Vinton Nursery, Inc. was dismissed by the trial court and there is no contention that this part of the judgment should be overturned. Defendant Rodney A. Burch was driving north on Common Street in his Oldsmobile which was insured by defendant General Accident, Fire and Life Assurance Corporation, Ltd. Bailey was driving a right hand drive U. S. Mail Jeep-type delivery truck and was driving west on Alamo. The impact occurred in the northeast quadrant of the intersection after Bailey moved about four feet from a stopped position. Burch had moved some 20 feet into the intersection. The impact was light and the damage was described by the investigating officer as ". . . there wasn't really that much damage to either one of them." Neither occupant complained of pain at the scene of the accident, but Bailey developed substantial pain shortly thereafter and had not worked for two years following the accident. The right side of the front bumper of the Oldsmobile struck the left front fender of the Jeep. A picture of the Oldsmobile shows no damage to the bumper or grill and only a small two inch dent on the fender. We are not favored with a picture of the Jeep or with testimony concerning the cost of repairs for the Jeep.
The trial court held that Burch was negligent for continuing into the intersection at his 15 mph speed even though the signal light changed to caution when he was 40 feet from the intersection. The light turned red when Burch entered the intersection.
The trial court assigned written reasons holding that Bailey stopped his right hand drive westbound Jeep to wait for a signal change; that the moment the signal changed to green, Bailey moved forward without looking to his left to see if the intersection was clear; that the Burch vehicle was in the intersection when Bailey moved forward; that there was nothing to obstruct Bailey's view on either side of the intersection; and that Bailey was contributorily negligent for failing to keep a proper lookout and to allow a car already in the intersection sufficient time to clear it.
The preponderance of the evidence supports the trial court's conclusions. Bailey argues that the trial court erroneously evaluated the credibility of the witnesses. It is specifically contended that the court should have accepted Bailey's testimony that the light was green for some time before he entered the intersection and that he had not stopped to wait for the light to change. The trial court properly noted that Bailey was not supported by his witnesses in these contentions. The determination of the trial judge will not be disturbed absent manifest error, particularly where an evaluation of the credibility of witnesses due to conflicting testimony is necessary in order to reach a factual determination. Williams v. State Farm Mut. Automobile Ins. Co., 266 So.2d 718 (La. App. 3 Cir. 1972); Elliott v. Wallace, 251 So.2d 831 (La.App. 3 Cir. 1971). The trial court's finding is well supported.
A motorist confronted with a green light may not rely with complete impunity upon his authorization to proceed. Although a favored motorist, as was Bailey, is entitled to some reliance that traffic signals will be obeyed, this reliance must not overcome reasonableness under the circumstances. Here Bailey had come to a complete stop while waiting for the light to change. His vision to either side was unobstructed. It was 9:30 a. m. and there were no unfavorable climatic conditions. Burch's vehicle had entered the intersection at the time the light facing Bailey turned green. Burch was travelling at a slow rate of speed and proceeded some 20 feet into the intersection before the front of his Oldsmobile struck Bailey's Jeep. Bailey had only moved 4 feet into the intersection when the Jeep was struck by a light impact. Under these conditions, Bailey was under a duty to detect the presence of the Burch vehicle in the intersection, even though there unlawfully, and his action in proceeding forward immediately with the favorable *320 change of lights without looking to see if it was safe to proceed, was unreasonable under the circumstances.
A motorist halted at an intersection awaiting a change in traffic signals must exercise a degree of care dependent upon the circumstance before proceeding into the intersection after receiving a favorable light. He must wait for clearance of a vehicle which entered the intersection before the change of signal. Bettis v. Paulsen-Webber Cordage Corp., 217 So.2d 662 (La.App. 4 Cir. 1969); Close v. Lumbermens Mutual Casualty Company, 207 So.2d 571 (La.App. 3 Cir. 1968).
The cases cited by Bailey [Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960); Central National Ins. Co. of Omaha v. Bardsley, 256 So.2d 734 (La.App. 1 Cir. 1971); Jordan v. Great American Insurance Company, 248 So.2d 363 (La.App. 4 Cir. 1971); Moore v. Traders & General Insurance Company, 227 So.2d 174 (La. App. 2 Cir. 1969); Reynolds v. Allstate Insurance Company, 176 So.2d 232 (La.App. 4 Cir. 1965)] are distinguished on the facts.

PROCEDURAL ISSUE
We reject Bailey's contention that the trial court's original judgment in his favor and against Burch and his insurer General Accident became final as against General Accident.
At the conclusion of the trial, the trial judge dictated oral reasons and awarded damages to Bailey casting Burch and his insurer General Accident. The day after judgment was signed, Burch (but not General Accident) applied for a new trial limited to reargument only. The new trial was granted and counsel for plaintiff and the two defense counsel, each representing a different defendant, appeared for the reargument. After reargument the trial judge took the matter under advisement and later assigned detailed written reasons supporting the setting aside of the earlier judgment because of Bailey's contributory negligence. The court directed that a new judgment be prepared dismissing Bailey's claim as to all defendants. In due course, the new judgment was read and signed in open court.
LSA-C.C.P. 1971 provides:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
We find that the new trial, although moved for by defendant Burch only, had been granted by the trial court as to all parties. The minute entry (Tr. 6) noting the trial court's granting of the new trial contains no limitation as to which parties were to be included in the new trial. It was within the discretion of the trial judge to grant a new trial to one or to all parties. The new trial was not limited to Burch alone. Since the trial judge is free to grant a new trial upon his own motion, and since all parties were present at the new trial hearing, we hold that the trial judge granted the rehearing to all parties.
If only one of multiple co-litigants moves for a new trial, and after contradictory hearing the trial judge is convinced that a new trial is in order, he is not prevented from taking the necessary steps to perform substantial justice to all parties.
The trial court judgment is affirmed at plaintiff appellant's costs.
Affirmed.