FRUGÉ, Judge.
Plaintiffs, Robert James Johnson, Jr., and his wife, Edna Johnson, brought this tort suit for damages for personal injuries, medical expenses, and property damage. Such damages were alleged to have resulted from an automobile accident which occurred at approximately 7:15 A.M. on the day of March 25, 1971, when the Hixson Ambulance Service ambulance in which plaintiffs were riding collided first with another automobile, owned and operated by Robert E. Heil, and subsequently with a truck.
Parties named defendant were Hixson Ambulance Service, Thomas Lee Bastow, its employee and driver, and Hixson’s automobile liability insurer, Continental Insurance Company; and Robert E. Heil and his automobile liability insurer, State Farm Mutual Automobile Insurance Company. Mr. Heil and his insurer answered the plaintiffs’ petition and denied the allegations therein. They also plead as the cause and fact of the plaintiffs’ injuries an earlier accident that had occurred the same morning at which time plaintiff, Mr. Johnson, had lost control and driven his automobile into an oak tree.
The defendant ambulance service, as well as its employee driver and insurer, also filed an answer generally denying plaintiffs’ allegations. They also inter-plead the aforestated earlier accident as the cause of the plaintiffs’ injuries, and additionally filed an action, as third party plaintiffs, against Mr. Heil, his insurer, and Robert James Johnson, Jr., as third party defendants. The lower court rendered judgment in favor of all defendants and against all plaintiffs. We affirm.
By way of appeal, plaintiffs-appellants contend that the trial court committed manifest error in failing to find that the plaintiffs had carried their burden of proof by a preponderance of the evidence. It is asserted by appeal that the injuries or some of the injuries received by the plaintiffs were actually sustained from the second accident of March 25, 1971.
Our understanding of this matter is well expressed by the statement extracted from the decision in Corrales v. Travelers Insurance Company, 197 So.2d 900, 901 (La. App. 1st Cir. 1967).
“The issue presented here as in the district court is one of fact and involves the evaluation of testimony of the various witnesses, giving to each such weight as good judgment and sound reasoning dictate. The trial judge’s opinion and his findings of fact under these circumstances are entitled to great weight and in the absence of manifest error must stand . . . . ”
Plaintiff, Robert Johnson, Jr., testified that his injuries resulting from the first accident of March 25, 1971, entailed only an injury to his mouth, and that his wife was uninjured except for having had the “wind knocked out of her.” Plaintiffs-appellants attribute lower leg injuries suffered by Mr. and Mrs. Johnson, as well as an injury to Mrs. Johnson’s cervical esophagus, to the ambulance-car-truck collision which subsequently transpired.
Evidence of a contradictory nature was adduced by the defendants through the testimony of Thomas Bastow, Stephen Rondi-no, and Sergeant Dale Marcus. Mr. Bas-tow testified that upon his arrival with the ambulance, at the first accident situs, Mr. Johnson was limping about and complain *668 ing of an injury to his leg; Mrs. Johnson appeared to have suffered an injury to one of her knees and was holding her throat while coughing and gagging, as though she had suffered an injury to her neck. Mr. Bastow considered this situation to be of an emergency call nature predicated upon the apparent condition of Mrs. Johnson. It is also noteworthy that Mr. Bastow noticed no additional injuries to the plaintiffs after the occurrence of the second accident.
Mr. Rondino, formerly a police officer and one of the investigating police officers at the first accident site, testified that plaintiff’s wife was holding her throat, moaning and crying, and that she complained of a lot of pain. An examination of the wrecked automobile revealed that the windshield on the passenger side of the vehicle was cracked very badly. The damaged windshield appeared to Mr. Rondino to have resulted from the impact when Mrs. Johnson’s head struck the glass inside the vehicle. Mr. Rondino also testified that Mr. Johnson was limping around the accident site and had blood in his mouth. In regard to Sergeant Marcus, it was stipulated by the parties that he would testify to essentially the same thing as did Mr. Rondino.
Medical evidence presented by Doctors Stephen R. Mathes and George L. Sanders buttressed plaintiffs’ action only insofar as the establishment of actual injuries suffered by Mr. and Mrs. Johnson. There is no question that the plaintiffs did, in fact, suffer injuries by reason of an automobile accident. However, there is no evidence upon which to base a finding that there was a causal connexity between the second accident and the injuries sustained by the plaintiffs. Neither doctor called by the plaintiffs gave any testimony by which it could be concluded that the injuries were attributable to the second accident involved. Dr. Mathes specifically stated that Mrs. Johnson said she was in an automobile accident. Dr. Sanders also testified that he knew only that the plaintiffs had been involved in an automobile accident. Therefore, both doctors testified that they were only aware that the plaintiffs had been injured in an automobile accident.
Plaintiffs-appellants offered no other testimony in support of their allegations than their own. From the foregoing evidence, we do not find error on the part of the lower court, and certainly do not find manifest error to have occurred. The issue which faced the lower court was one of credibility of the witnesses before it, and we are without justifiable basis for overturning the lower court’s finding.
It is well settled that the plaintiff bears the burden of proving each and every element of his claim by a preponderance of the competent evidence. In the instant case, plaintiff has failed to prove the connexity between the second accident of March 25, 1971, and any injuries suffered by the plaintiffs on that same date.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellants are to pay all costs.
Affirmed.