COVINGTON, Judge.
This is a suit by John Hubert Braud, plaintiff-appellant, to recover the sum of $3,200.00 allegedly stolen from him by Hollis Kinchen, defendant-appellee, during the time that defendant resided in plaintiff’s house. Plaintiff owned and operated a small food store which was attached to his residence. Plaintiff’s claim is based on a series of thefts of various sums of money from the store’s cash register between the dates of April 1, 1971 and August 13, 1971. During the time in question the defendant was a guest in the house of the plaintiff, but was not an employee of the plaintiff and had no connection with the operation of the store.
After hearing the evidence, the trial court found the evidence insufficient to establish that the defendant had stolen the sums of money from the plaintiff and dismissed the suit. Plaintiff has devolutively appealed this judgment.
On the trial a question arose concerning the admissibility of certain summary sheets offered in evidence by the plaintiff. The trial court correctly ruled that they were “subject to the objection that they were not made in the regular course of business and actually constitute self-serving declarations.” See LSA-C.C. Art. 2248; Britton v. Holloman Lumber Co., La.App., 7 So.2d 202, 204 (2 Cir. 1942); Comment, Business Records in Louisiana as an Exception to the Hearsay Rule, 21 La.L.Rev. 449, 459 (1961).
Plaintiff complains of this ruling, contending that due to modern business methods the stringent rule of inadmissibility of Article 2248 of the Civil Code has been relaxed. In support of his position the appellant cites the case of Crosby v. Little River Sand and Gravel Development, 212 La. 1, 31 So.2d 226 (1947). The Crosby case is distinguishable from the instant case. There the records were made daily from supporting memoranda. Here the summary sheets were not actually made in the regular course of business but on several occasions were reconstructed. Additionally, the plaintiff herein did not use modern business methods in the keeping of his records nor in the operation of his business.
The main issue involved in this appeal is whether there was sufficient proof of defendant’s responsibility for plaintiff’s losses. This issue was resolved by the trial court in the defendant’s favor. It is to this point that the thrust of the appellant’s argument is directed.
Appellant argues that in denying his claim the trial court imposed a higher standard of proof than the law allows. In support of his argument, appellant cites several opinions by the courts to the effect that a plaintiff may prove his case by circumstantial evidence and his proof need not be conclusive, but must only show that it is more probable than not. See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963); American Employers Ins. Co. v. Schoenfield, La.App., 144 So.2d 595 (4 Cir. 1962). We are cognizant of these cases and are in accord with their holdings. However, we do not feel that their application to the factual situation in the instant case requires a judgment favorable to the plaintiff. While it is true that a plaintiff need not negate all remote possibilities in order to prevail nor is he obliged to prove his case to a mathematical certainty, nevertheless, mere possibility, suspicion or speculation can not form a proper basis for a judgment in plaintiff’s favor. White v. Johness, 237 La. 1074, 112 So.2d 717 (1959); Hargis v. Travelers Indemnity Company, La.App., 248 So.2d 613 (3 Cir. 1971).
*659 In a civil case the plaintiff is required only to prove his claim by the preponderance óf evidence, not beyond a reasonable doubt. Lee v. Carwile, La.App., 168 So.2d 469, 474 (3 Cir. 1964); Sanders, The Anatomy of Proof in Civil Actions, 28 La. L.Rev. 297 (1968). By the preponderance of evidence is meant evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not. Gassiott v. Gordey, La.App., 182 So.2d 170, 175 (3 Cir. 1966). Of course, the plaintiff bears the burden of proving each and every element of his claim by a preponderance of the competent evidence. Johnson v. Heil, La.App., 284 So.2d 666, 668 (3 Cir. 1973).
The plaintiff’s proof may be made not only by direct evidence, but may be established by circumstantial evidence. However, a plaintiff relying upon circumstantial evidence is required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on. Bickham v. Wax Lumber Company, La.App., 84 So.2d 60, 62 (1 Cir. 1955); see also Gassiott v. Gordey, supra.
Furthermore, it is now generally accepted that a finding of fact by the trial court will not be reversed on appeal unless manifestly erroneous. Bailey v. Vinton Nursery, Inc., La.App., 285 So.2d 317, 319 (3 Cir. 1973); see also Tate, Manifest Error — Further Observations on Appellate Review of Facts in Louisiana Civil Cases, 22 La.L.Rev. 605 (1962); Comment, Appellate Review of Facts in Louisiana Civil Cases, 21 La.L.Rev. 402 (1961).
The trial court heard the testimony of the witnesses and was in a position to evaluate the credibility of the witnesses. He accepted the defendant’s version of the case and dismissed the suit against the defendant. Plaintiff’s explanation of how he established the shortages from the tapes of his daily business and the possible means by which the defendant could have perpetrated the thefts was not convincing to the trial court. It is noteworthy that no law enforcement officer testified at the trial despite the fact that the basis for the suit was an alleged theft. It is also noteworthy that the plaintiff did not pretend to show a pattern in the disappearance of the money: allegedly small sums were taken from the cash register, small sums from the cash drawer and- from mystenous_ temporary hidingplaces, rolls of coins from under-the-counter drawers, one large sum by a burglary, and various other unexplainable ways; allegedly there were day-time shortages, night-time requisitions and other-time disappearances. The evidence showed that many persons, including employees, customers, and friends and relations, had access to the store. All of the employees opened and closed the store. All of the employees used the cash register. The plaintiff himself was in and out of the store constantly. He borrowed money himself from the cash register. He paid for merchandise in cash from the register. He paid his employees’ wages from the register in cash. There was no accounting for the way he kept his records, and his method of operating his store was rather informal to say the least.
We do not feel from our review of the evidence that the plaintiff has produced “evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on.” See Gassiott v. Gordey, supra. According to our appreciation of the evidence presented in this case, we find that the burden of proving his case by a preponderance of the evidence has not been met by the plaintiff. See Hargis v. Travelers Indemnity Company, supra. We find no manifest error in the conclusion reached by the trial court that the defendant was not responsible for the shortages in plaintiff’s *660 cash account. See Bailey v. Vinton Nursery, Inc., supra.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant to pay all costs.
Affirmed.