MARVIN, Judge.
In this controversy between Gilbert, the owner of a diesel tractor, and Industrial, a mechanic, over the cost of repair of the tractor, Gilbert appeals a judgment which denied his demands for damages for loss of use of the tractor and which cast him to pay Industrial’s $181 repair bill. We affirm.
The tractor was used at a gravel pit to load trucks. In November 1979 the tractor would not run for more than a few minutes at a time and Gilbert took the tractor to Industrial for repair. At Industrial’s direction, Gilbert took the fuel pump to another business that rebuilt the pump at Gilbert’s cost. Gilbert returned the pump to Industrial who reinstalled it on the tractor. Industrial later either replaced the rebuilt pump or installed another pump in the fuel system when the tractor experienced further difficulty. Industrial’s charges to Gilbert totaled $181 for parts and labor, a portion of which was paid with Gilbert’s check for $75.60 on which Gilbert stopped payment after the tractor experienced further difficulty.
Gilbert then obtained the services of another mechanic who replaced a $2 screen or strainer in or near the fuel tank, after which the tractor resumed operating without difficulty. Gilbert sued Industrial for loss of income of $150 per day for 16 days ($2,400). Industrial reconvened for its repair bill of $181.
As in Wendelken Machine Shop, Inc. v. Dibert, etc., Co., Ltd. 279 So.2d 226 (La.App. 1st Cir. 1973), the issues here are factual. Gilbert contends that the “. . . only cause of the problem was [the $2] ... filter [screen] .. . [and] if the court accepts that as . . . the cause . . . then everything else [that was earlier done by Industrial] was unnecessary, [b]ecause that’s what solved the problem.” Gilbert did not produce evidence to support this contention and in effect asks that we make this inference solely on the basis of testimony by Gilbert and others that the tractor ran properly only after the screen was replaced. Gilbert’s last mechanic (Dailey) testified only that he observed that some parts of the fuel system had been replaced and that he replaced the fuel filter screen and afterward left the tractor in running condition. Dailey did not testify or conclude that Industrial’s earlier work was defective or not necessary, and indeed was not asked such questions.
On the other hand, Industrial’s witness (Carny) testified that the fuel injection pump was the “trouble” with the tractor, that after he installed the second pump, he blew out the fuel lines, blowing the trash away from the filter screen, “. . . but [the fuel tank] had so much foreign matter . . . it stopped back up more than likely [after Industrial did its last work].” Industrial replaced a $7.00 fuel filter during the course of its work but did not replace the $2 screen as did the last mechanic. Industrial’s witness testified as to the correctness of its invoices which detailed the labor and parts charged to Gilbert.
We have no facts or opinion evidence based on facts from which we can make the ultimate inference that it is more probable than not that the only thing wrong with Gilbert’s tractor was the clogged $2 fuel screen. Under these circumstances, Gilbert has simply not met his burden of proving what he has alleged as to cause and effect. See Hargis v. Travelers Indemnity Company, 248 So.2d 613, 615 (La.App. 3d Cir. 1971), Wendelken, supra.
Under these circumstances, the judgment is AFFIRMED at appellant’s cost.